**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDIATEK INC., MEDIATEK USA INC., BROADCOM PTE. LTD., BROADCOM CORPORATION, LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO GROUP, LTD., NXP SEMICONDUCTORS N.V., NXP B.V., NXP USA, INC., QUALCOMM INCORPORATED and QUALCOMM TECHNOLOGIES, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 6:18-CV-339<br><br><br>**JURY TRIAL DEMANDED** |

**SPECIALLY APPEARING DEFENDANTS LENOVO (SHANGHAI) ELECTRONICS
TECHNOLOGY CO. LTD. AND LENOVO GROUP, LTD.'S
MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS,
LACK OF PERSONAL JURISDICTION, AND IMPROPER VENUE**

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ..............................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND.......................................2

    A.      The Lenovo Defendants Are Foreign Entities Conducting Business in
China ....................................................................................................2

    B.      Plaintiff is a Non-Practicing Entity Formed Just Months Before Filing Suit .........2

    C.      Plaintiff Admits Its Service Fails to Comply with the Hague Convention .............3

III.    THE COURT SHOULD DISMISS FOR IMPROPER SERVICE.....................3

    A.      Legal Standard ....................................................................................4

    B.      Plaintiff Failed to Effect Service in Compliance With the Hague
Convention ..........................................................................................4

    C.      Plaintiff Cannot Serve the Lenovo Defendants Through the Texas
Secretary of State ...............................................................................5

        1.      The Hague Convention precludes service through the Texas
Secretary of State on Chinese entities...........................................5

        2.      Even if service through the Texas SOS were permitted, Plaintiff
fails to show that Defendants were in fact served by mail. .......................6

        3.      Even if service through the Texas SOS were permitted and
effected, the Lenovo Defendants do not "engage in business" in
Texas. ...........................................................................7

    D.      The Court Should Dismiss Because Effecting Proper Service Would Be
Futile ..................................................................................................8

IV.     THE COURT SHOULD DISMISS FOR LACK OF PERSONAL
JURISDICTION ................................................................................................8

    A.      Legal Standard ....................................................................................8

    B.      The Lenovo Defendants Are Not Subject to General Jurisdiction ........................9

    C.      The Lenovo Defendants Are Not Subject to Specific Jurisdiction ......................10

        1.      Plaintiff's claims do not arise out of the Lenovo Defendants'
activities purposefully directed at Texas....................................11

            a.      There is no specific jurisdiction under an alter ego or
agency theory. ..........................................................11

            b.      There is no specific jurisdiction under a stream of
commerce theory............................................12

                (1)     The Lenovo Defendants do not place any products
into the stream of commerce.................................13

                (2)     The Lenovo Defendants' affiliation with Lenovo
(United States), Inc. is not sufficient under a stream
of commerce theory. ......................................14

2.      The assertion of personal jurisdiction would not be reasonable or fair. ...................................................................................................16

D.      The Court Does Not Have Jurisdiction Under Rule 4(k)(2) ...............................18

V.    THE COURT SHOULD DISMISS FOR IMPROPER VENUE ....................................19

VI.   CONCLUSION....................................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

<u>Federal Cases</u>

*Acceleron, LLC v. Egenera, Inc.*
    634 F. Supp. 2d 758 (E.D. Tex. 2009) ..................................................................... 11

*AFTG-TG, LLC v. Nuvoton Technology Corp.*
    689 F.3d 1358 (Fed. Cir. 2012) ................................................................................ 13

*Alt. Delivery Sols. v. R.R. Donnelley & Sons Co.*
    No. SA-05-CA-0172-XR, 2005 U.S. Dist. LEXIS 15949 (W.D. Tex. July 8,
    2005) .......................................................................................................................... 5

*Am. Film & Printing, Ltd. v. Cowart Mulch Prods.*
    No. 3:15-CV-0682-L-BF, 2015 U.S. Dist. LEXIS 135092 (N.D. Tex. July 16,
    2015) .......................................................................................................................... 9

*Asahi Metal Industry Co. v. Super. Ct. of Cal.*
    480 U.S. 102 (1987) (J. O'Connor plurality opinion) ................................... 13, 14, 17

*Auto Wax Co., Inc. v. Kasei Kogyo Co., Ltd.*
    No. A 00- 531 SS, 2001 WL 1891719 (W.D. Tex. Sept. 26, 2001) ................... 16, 17

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*
    566 F.3d 1012 (Fed. Cir. 2009) .................................................................................. 2

*Belden Techs., Inc. v. LS Corp.*
    626 F. Supp. 2d 448 (D. Del. 2009) ................................................................ 1, 19, 20

*Blue Spike, LLC v. Huawei Techs. Co., Ltd.*
    No. 6:13-cv-00679-RWS, 2016 U.S. Dist. LEXIS 194468 (E.D. Tex. June 6,
    2016) ......................................................................................................................... 19

*Bridas S.A.P.I.C. v. Gov't of Turkmenistan*
    447 F.3d 411 (5th Cir. 2006) ................................................................................... 12

*Celgard, LLC v. SK Innovation Co., Ltd.*
    792 F.3d 1373 (Fed. Cir. 2015) .......................................................................... 12, 13

*Centre One v. Vonage Holdings Corp.*
    No. 6:08CV467, 2009 U.S. Dist. LEXIS 69683 (E.D. Tex. Aug. 10, 2009) ............. 8

*In re Cray Inc.*
    871 F.3d 1355 (Fed. Cir. 2017) ............................................................................... 18

*Daimler AG v. Bauman*
    571 U.S. 117 (2014) .......................................................................... 1, 10, 11, 19

*E-Contact Techs., LLC v. Acer Am. Corp.*
   No. 12-cv-00352, Dkt. No. 1 (E.D. Tex. July 13, 2012) ........................................................18

*Esparza v. Paragon Shipping, Inc.*
   No. 2:13-CV-289, 2013 U.S. Dist. LEXIS 179685 (S.D. Tex. Dec. 23, 2013).......................5

*Fellowship Filtering Techs., LLC v. Alibaba.com, Inc.*
   No. 2:15-cv-2049-JRG, 2016 WL 6917272 (E.D. Tex. Sept. 1, 2016) ..................................12

*Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd.*
   No. A–12–CV–644–LY, 2014 WL 1603665 (W.D.Tex. Mar.19, 2014) ...............................16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
   564 U.S. 915 (2011)..............................................................................................................12

*Gregory v. United States/United States Bankruptcy Court*
   942 F.2d 1498 (10th Cir. 1991) ..............................................................................................8

*Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*
   85 F.3d 201 (5th Cir. 1996) ..................................................................................................12

*Hargrave v. Fibreboard Corp.*
   710 F.2d 1154 (5th Cir. 1983) ..............................................................................................12

*Head v. Las Vegas Sands, LLC*
   298 F. Supp. 3d 963 (S.D. Tex. 2018) ..................................................................................10

*Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*
   62 Fed. App'x. 322 (Fed. Cir. 2003).......................................................................................9

*In re HTC Corp.*
   889 F.3d 1349 (Fed. Cir. 2018), *petition for cert. filed*, No. 18-849 (Jan. 4,
   2019) .........................................................................................................................................1

*J. McIntyre Mach., Ltd. v. Nicastro*
   564 U.S. 873 (2011)...............................................................................................................13

*Man Ferrostaal Inc. v. M/V Vindonissa*
   No. H-07-02983, 2009 U.S. Dist. LEXIS 125490 (S.D. Tex. Jan. 23, 2009)..........................5

*Marin v. Michelin N. Am., Inc.*
   No. SA-16-CA-497-FB (HJB), 2017 U.S. Dist. LEXIS 214378 (W.D. Tex.
   July 13, 2017)........................................................................................................................10

*McGuire v. Sigma Coatings, Inc.*
   48 F.3d 902 (5th Cir. 1995) ....................................................................................................4

*Med. Sols., Inc. v. C Change Surgical LLC*
   541 F.3d 1136 (Fed. Cir. 2008)...............................................................................................9

*In re Microsoft Corp.*
   630 F.3d 1361 (Fed. Cir. 2011)............................................................18

*Mizrahi v. Great-West Life Assurance Co.*
   No. 99-819, 1999 WL 398714 (E.D. Pa. June 17, 1999).........................20

*Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*
   64 F. Supp. 2d 448 (E.D. Pa. 1999) ......................................................20

*Monkton Ins. Servs., Ltd. v. Ritter*
   768 F.3d 429 (5th Cir. 2014) ................................................................10

*Moody Nat'.l Bank, N.A. v. Bywater Marine, L.L.C.*
   544 F. App'x 384 (5th Cir. 2013) ...........................................................4

*Motion Games, LLC v. Nintendo Co., Ltd*
   No. 6:12-cv-878-JDL, 2014 WL 5306961 (E.D. Tex. Oct. 16, 2014)....................16

*Mylan Labs., Inc. v. Akzo, N.V.*
   No. 89-1671, 1990 WL 58466 (D.D.C. Mar. 27, 1990) .........................20

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*
   263 F. Supp. 3d 498 (D. Del. 2017)........................................................14

*Nocando Mem Holdings, Ltd. v. Credit Commer. de Fr., S.A.*, No. 01-CA-1194,
   2004 U.S. Dist. LEXIS 22513
   (W.D. Tex. Oct. 6, 2004) ........................................................................8

*Nonend Inventions, NV v. Lenovo (US) Inc.*
   No. 15-cv-00610, Dkt. No. 1 (E.D. Tex. May 1, 2015)..........................18

*Nuance Commc'ns, Inc. v. Abbyy Software House*
   626 F.3d 1222 (Fed. Cir. 2010)...............................................................9

*In re Outsidewall Tire Litig.*
   267 F.R.D. 466 (E.D. Va. 2010) ............................................................17

*Polar Electro Oy v. Suunto Oy*
   829 F. 3d 1343 (Fed. Cir. 2016).............................................................13

*Prince v. Gov't of China*, No. 13-cv-2106 (TPG), 2017 U.S. Dist. LEXIS 176969
   (S.D.N.Y. Oct. 25, 2017) ........................................................................6

*Radio Sys. Corp. v. Accession, Inc.*
   638 F.3d 785 (Fed. Cir. 2011)................................................................11

*Real v. Matteo*, Civil Action No. 17-01288, 2018 U.S. Dist. LEXIS 13410
   (W.D. La. Jan. 3, 2018)...........................................................................8

*Rice v. Electrolux Home Prods., Inc.*
   No. 4:15-CV-00371, 2018 U.S. Dist. LEXIS 176308 (M.D. Pa. Oct. 15, 2018) ................4, 6

*Ross v. Ruyon*
   156 F.R.D. 150 (S.D. Tex. 1994) ............................................................................4

*Ruiz v. Martinez*
   No. 07-CV-078, 2007 U.S. Dist. LEXIS 49101 (W.D. Tex. May 17, 2007) .........................19

*Silicon Labs., Inc. v. Cresta Tech. Corp.*
   No. A-14-CA-318-SS, 2014 WL 3530817 (W.D. Tex. July 14, 2014) ................................15

*Simplex-Turmar, Inc. v. Roland Marine, Inc.*
   No. 96-CV-0723E(M), 1997 WL 736541 (W.D.N.Y. Nov. 14, 1997) ................................20

*Sys. Signs Supplies v. United States Dep't of Justice*
   903 F.2d 1011 (5th Cir. 1990) ............................................................................4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*
   137 S. Ct. 1514 (2017) ....................................................................................18

*Tillotson Corp. v. Supermax Corp. Bhd.*
   No. 4:07-CV-0193-RLV, 2008 U.S. Dist. LEXIS 129977 (N.D. Ga. May 21,
   2008) ........................................................................................................6

*Touchcom, Inc. v. Bereskin & Parr*
   574 F.3d 1403 (Fed. Cir. 2009) ..........................................................................19

*Univ. of Mass. Med. School v. L'Oréal S.A.*
   No. 17-868-CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018) ..............................14, 15

*Viam Corp. v. Iowa Export-Import Trading Co.*
   84 F.3d 424 (Fed. Cir. 1996) .............................................................................16

*Volkswagenwerk Aktiengesellschaft v. Schlunk*
   486 U.S. 694 (1988) .....................................................................................4, 6

*Water Splash, Inc. v. Menon*
   137 S. Ct. 1504 (2017) ..................................................................................6, 8

*Weinstein v. Norman M. Morris Corp.*
   432 F. Supp. 337 (E.D. Mich. 1977) ....................................................................20

*World Tanker Carriers Corp. v. M/V Ya Mawlaya*
   99 F. 3d 717 (5th Cir. 1996) .............................................................................19

*World-Wide Volkswagen Corp. v. Woodson*
   444 U.S. 286 (1980) .........................................................................................9

*In re Zimmer Holdings, Inc.*
   609 F.3d 1378 (Fed. Cir. 2010) ..........................................................................18

State Cases

*MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*
    260 S.W.3d 561 (Tex. App. 2008) ..................................................................................7

*Starbucks Corp. v. Smith*
    No. 05-06-01500-CV, 2007 Tex. App. LEXIS 8942 (Tex. App. Nov. 9, 2007) ......................7

Federal: Statutes, Rules, Regulations, Constitutional Provisions

Federal Rules of Civil Procedure
    Rule 4 ....................................................................................................................4
    Rule 4(f) .............................................................................................................4, 5
    Rule 4(h)(2) ............................................................................................................4
    Rule 4(k)(2) ....................................................................................................18, 19
    Rule 12(b)(2) ....................................................................................................2, 20
    Rule 12(b)(3) ....................................................................................................2, 20
    Rule 12(b)(5) ...............................................................................................2, 4, 20

Title 20 United States Treaties
    Article 10 ................................................................................................................6
    Article 10(a) ...........................................................................................................6

Title 28 United States Code
    § 1391(c) ......................................................................................................1, 19, 20
    § 1400(b) ................................................................................................................1

State: Statutes, Rules, Regulations, Constitutional Provisions

Texas Civil Practice and Remedies Code
    § 17.044 ..............................................................................................................6, 8
    § 17.044(b) .............................................................................................................8
    § 17.045(a) .............................................................................................................5
    § 17.045(d) .............................................................................................................5

Other Authorities

Hague Conf. on Private International Law, China
    *Central Authority and Practical Information* ...........................................................4

Rutter Group Prac. Guide
    *Fed. Civ. Proc. Before Trial* (Nat'l Ed. Apr. 2018) Ch. 3-E ..................................10

## I.      INTRODUCTION

The Lenovo Defendants are Chinese corporations—operating over 7,000 miles away from this forum, in Shanghai and Hong Kong, respectively—with no responsibility for the accused products in the U.S.  They are not responsible for the manufacturing, selling, distribution, importation, or shipment of the accused products in the U.S.  Rather, their U.S. affiliate Lenovo (United States), Inc., which is incorporated in Delaware and has its principal place of business in North Carolina, is responsible for all U.S. activity relating to the accused products.  Plaintiff made no effort to properly serve the Lenovo Defendants.  It claimed to effect service on the Lenovo Defendants by serving the Texas Secretary of State, even though such service is preempted by the Hague Convention as to Chinese entities.

Plaintiff American Patents is a non-practicing entity that incorporated in Texas in April 2018.  It sued the Lenovo Defendants, rather than Lenovo (United States), Inc., for only one apparent reason—to try to avoid the venue restrictions imposed by 28 U.S.C. § 1400(b) and *TC Heartland*, which presently do not apply to foreign entities.  *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018), *petition for cert. filed*, No. 18-849 (Jan. 4, 2019).[1]  But "a finding of personal jurisdiction over a foreign defendant is a preliminary requirement to [28 U.S.C. § 1391(c)'s venue] provision that an alien may be sued in any judicial district."  *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 460 (D. Del. 2009).  This forum has no personal jurisdiction over the Lenovo Defendants.  They are not "at home" in Texas, which is required for general jurisdiction.  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Nor do Plaintiff's claims arise out of the Lenovo Defendants' activities purposefully directed at this forum, as they have no responsibility for the

---

[1] The Lenovo Defendants reserve all rights to challenge venue under by 28 U.S.C. § 1400(b) and *TC Heartland*, particularly in light of HTC Corp.'s petition for certiorari filed with the U.S. Supreme Court.

accused products in the U.S., meaning there is no specific jurisdiction. *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009).

This Court should dismiss the Complaint, with prejudice, for failure of service, lack of personal jurisdiction, and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (5).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Lenovo Defendants Are Foreign Entities Conducting Business in China

Lenovo Group Limited is a holding company incorporated in China, with its principal place of business in Hong Kong.  (Dec. of Kurt Cranor ("Cranor Dec.") ¶ 2.)  Lenovo (Shanghai) Electronics Technology Co. Limited is also a Chinese corporation, with its principal place of business in Shanghai.  (*Id.*)  The Lenovo Defendants have no employees, offices, or property anywhere in the U.S.  (*Id.* ¶ 4.)  Neither has authorized anyone in the U.S. to accept service of process on its behalf.  (*Id.*)  They do not manufacture, sell, offer to sell, or distribute the accused products in the U.S., or import or ship the accused products into the U.S.  (*Id.*)  Instead, Lenovo (United States), Inc., a Delaware corporation with its principal place of business in North Carolina, is responsible for all U.S. activities related to the accused products, including importing, pricing, and selling the accused products in the United States.  (*Id.*)

### B.    Plaintiff is a Non-Practicing Entity Formed Just Months Before Filing Suit

Plaintiff was incorporated in Texas on April 10, 2018, approximately seven months before this lawsuit was filed.  (Dec. of Lai Yip ("Yip Dec."), Ex. A.)  Its website is a single webpage containing limited contact information, namely, the company name, a purported physical address, an email address, and a phone number.  (*Id.*, Ex. B.)  It appears that Plaintiff is associated with only one individual, Jon Rowan, who is also Plaintiff's registered agent.  (*Id.*, Ex. A.)  Mr. Rowan is a Texas lawyer whose address, according to the Texas State Bar, is the same as that of Plaintiff.

(*Id.*, Exs. A, D, E.)  In the four months between September and December 2018, Plaintiff filed thirteen separate patent infringement lawsuits against approximately 49 different defendants.  (*Id.*, ¶ 5.)

**C.    Plaintiff Admits Its Service Fails to Comply with the Hague Convention**

Plaintiff filed its Complaint on November 14, 2018, naming a dozen various companies as defendants, two of whom are the Lenovo Defendants.  Plaintiff asserted generic jurisdictional allegations covering all twelve companies in one fell swoop, namely, "This Court has personal jurisdiction over Defendants" because, purportedly, "Defendants have done and continue to do business in Texas" and:

> Defendants have committed and continue to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, including by Internet sales and sales via retail and wholesale stores, inducing others to commit acts of patent infringement in Texas, and/or committing a least a portion of any other infringements alleged herein.

(Dkt. 1, ¶ 35.)  Plaintiff alleged no particularized jurisdictional facts regarding the Lenovo Defendants in its Complaint.  (*See* Dkt. 1, ¶¶ 34-48.)

Plaintiff admits that it never attempted to serve the Lenovo Defendants in compliance with the Hague Convention, *i.e.*, through the Chinese Central Authority.  (Yip Dec., Ex. H.)  To the contrary, Plaintiff claimed it had effected service through the Texas Secretary of State, and requested that the Lenovo Defendants waive "formal foreign service."  (*Id.*)  The Lenovo Defendants refused to waive service through the Hague Convention (*id.*), as they are the wrong entities for Plaintiff to sue, and litigating this case would be extremely burdensome for them (*see* Section IV.C.2, *infra*).  The Lenovo Defendants are remote both from this forum and the facts of this case.  (*Id.*)

**III.    THE COURT SHOULD DISMISS FOR IMPROPER SERVICE**

A.    **Legal Standard**

Plaintiff bears the burden of proving that service of process is proper, to avoid dismissal under Rule 12(b)(5).  *Ross v. Ruyon*, 156 F.R.D. 150, 153-54 (S.D. Tex. 1994); *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  This Court "enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *Moody Nat'.l Bank, N.A. v. Bywater Marine, L.L.C.*, 544 F. App'x 384, 386 (5th Cir. 2013).  Even a defendant having notice and full knowledge of the action does not confer jurisdiction.  *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995) ("Actual notice of the litigation does not satisfy the requirement of proper service of a summons under Rule 4").

B.    **Plaintiff Failed to Effect Service in Compliance With the Hague Convention**

The Hague Convention governs service on entities abroad in countries that are signatories. Fed. R. Civ. P. 4(f), 4(h)(2) (providing that service on a foreign entity may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents").  China is a signatory to the Hague Convention (*see* Yip Dec., Ex. F), and the Lenovo Defendants are Chinese entities.  Therefore, the Hague Convention applies, and Plaintiff's compliance with the Hague Convention is mandatory.  Fed. R. Civ. P. 4(f); *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)) (failure to comply with Hague Convention provisions voids attempted service).  Pursuant to the Hague Convention, China requires a request for service be sent to China's designated Central Authority.  (Yip Dec., Ex. G (Hague Conf. on Private Int'l Law, China—Central Auth. & Practical Info.); *see Rice v. Electrolux Home Prods., Inc.*, No. 4:15-CV-00371, 2018 U.S. Dist. LEXIS 176308, at *14 (M.D. Pa. Oct. 15, 2018) (requiring plaintiffs to serve defendants in China pursuant to Hague Convention).)

Plaintiff did not serve the Lenovo Defendants through the Chinese Central Authority.  (Yip

Dec., Ex. H.)   Plaintiff failed to comply with Rule 4(f), and service was never effected in compliance with the Hague Convention.

>   **C.** **Plaintiff Cannot Serve the Lenovo Defendants Through the Texas Secretary of State**

Having failed to comply with the Hague Convention, Plaintiff purports to rely on service through the Texas Secretary of State.  But such service requires that a defendant be served via registered or certified mail sent by the Secretary of State, return receipt requested; and is only available as to a defendant who "engages in business" in Texas.  Tex. Civ. Prac. Rem. Code § 17.045(a), (d).  Plaintiff's alleged service fails for multiple reasons.  First, Plaintiff cannot rely on this statute because it conflicts with, and is therefore preempted by, the Hague Convention.  Moreover, even if the statute were not preempted (it is), the Lenovo Defendants were never actually served by mail, and they do not "engage in business" in Texas.

>   **1.** **The Hague Convention precludes service through the Texas Secretary of State on Chinese entities.**

The Texas service statute requires that the Secretary of State send notice of service of process to the nonresident defendant.  Tex. C.P.R.C. § 17.045(a), (d); *Man Ferrostaal Inc. v. M/V Vindonissa*, No. H-07-02983, 2009 U.S. Dist. LEXIS 125490, at *10 (S.D. Tex. Jan. 23, 2009) (statute "requires the Secretary of State to mail the service documents to the defendants" abroad).  Because the Secretary of State must mail notice to the Lenovo Defendants in China, "this transmittal of service documents abroad implicates the Hague Convention and its requirements." *Alt. Delivery Sols. v. R.R. Donnelley & Sons Co.*, No. SA-05-CA-0172-XR, 2005 U.S. Dist. LEXIS 15949, at *6 (W.D. Tex. July 8, 2005); *Esparza v. Paragon Shipping, Inc.*, No. 2:13-CV-289, 2013 U.S. Dist. LEXIS 179685, at *7 & n.3 (S.D. Tex. Dec. 23, 2013) (Secretary of State must "actually[] mail process" to foreign defendant to comply with Hague Convention).

Under the Hague Convention, however, service by mail is not permitted if the receiving

state objects.  *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017) (service by mail under

Hague Convention permissible "as long as the receiving state does not object"); 20 U.S.T. 361,

art. 10(a) (permitting service by mail "provided the State of destination does not object").  China

"is among the countries who have formally objected" to service by mail, "rendering Article 10

inapplicable." *Prince v. Gov't of China*, No. 13-cv-2106, 2017 U.S. Dist. LEXIS 176969, at *18

(S.D.N.Y. Oct. 25, 2017); *Rice v. Electrolux Home Prods., Inc.*, No. 4:15-CV-00371, 2018 U.S.

Dist. LEXIS 176308, at *13 (M.D. Pa. Oct. 15, 2018) ("China has specifically objected to Article

10 [of the Hague Convention] and will not accept service by mail"); *Tillotson Corp. v. Supermax*

*Corp. Bhd.*, No. 4:07-CV-0193-RLV, 2008 U.S. Dist. LEXIS 129977, at *9 n.1 (N.D. Ga. May

21, 2008) ("China expressly objected to [Article 10] and, consequently, service by any method

other than through the central authority is not valid.").  Because the Hague Convention only

permits service by mail if the receiving state does not object, and China objects, the Hague

Convention prohibits service by mail on Chinese entities.

The Hague Convention preempts any inconsistent methods of service under state law,

under the Supremacy Clause.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699

(1988).  Thus, even if Plaintiff complied with the Texas statute (it did not), the statute is preempted

by the Hague Convention, which does not permit service by mail on a Chinese entity.  Plaintiff's

attempt to effect service by mail through the Texas Secretary of State is ineffective.[2]

> **2.      Even if service through the Texas SOS were permitted, Plaintiff fails to
> show that Defendants were in fact served by mail.**

The "plaintiff has the burden of affirmatively showing strict compliance with [Texas Civ.

Prac. Rem. Code § 17.044 *et seq.*]."  *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of*

---

[2] Notably, if service through the Texas Secretary of State was sufficient, Plaintiff would not have
requested that the Lenovo Defendants "waive[] formal foreign service" (Yip Dec., Ex. H), as no
such waiver would be necessary.

*N. Tex., L.P.*, 260 S.W.3d 561, 564 (Tex. App. 2008).  "When the plaintiff relies on service through the secretary of state, the record must show that (1) the defendant was amenable to service through the secretary of state and (2) the defendant was *in fact served* in the manner required by the statute." *Id.* (emphasis added).  Regarding the second prong, Plaintiff fails to show that the Lenovo Defendants were ever "in fact served" by mail.  Two days ago, on January 29, 2018, Plaintiff filed two documents it purported to title "Certificate of Service" (Dkt. 42), but neither document is actually a Certificate of Service.  Although they are issued by the Texas Secretary of State and say that a "copy of the Summons and Original Complaint" was "forwarded" to the Lenovo Defendants by registered mail, return receipt requested, the documents acknowledge that "no response has been received in this office."  (*Id.*)

Notably, the Certificate of Service that Plaintiff filed for the NXP defendants (Dkt. 35) included a cover letter from the "Service of Process" department of the Texas Secretary of State, stating, "Please find enclosed your Certificate(s) of Service."  (*Id.*, p. 1.)  No such cover letter was included for the Lenovo Defendants.  (*See* Dkt. 42.)  It is reasonable to infer that the Service of Process department provided no such cover letter as to the Lenovo Defendants, or that the cover letter did not say that "Certificate(s) of Service" were enclosed.

Plaintiff's failure to show that the Lenovo Defendants were "in fact served" invalidates any attempted service.  *See MobileVision*, 260 S.W.3d at 564; *see also Starbucks Corp. v. Smith*, No. 05-06-01500-CV, 2007 Tex. App. LEXIS 8942, at *6 (Tex. App. Nov. 9, 2007) ("[W]e conclude there is no affirmative showing that Smith served Starbucks with process.").  Plaintiff's purported service through the Texas Secretary of State is incomplete and ineffective.

> **3.     Even if service through the Texas SOS were permitted and effected, the Lenovo Defendants do not "engage in business" in Texas.**

Plaintiff cannot rely on service through the Texas Secretary of State because the Lenovo

Defendants do not "engage in business" in Texas.  Tex. C.P.R.C. § 17.044(b).  This district has analyzed whether a defendant engages in business under the Texas statute using a personal jurisdiction analysis.  *Nocando Mem Holdings, Ltd. v. Credit Commer. de Fr., S.A.*, No. SA-01-CA-1194-XR, 2004 U.S. Dist. LEXIS 22513, at *19, *32-33 (W.D. Tex. Oct. 6, 2004) ("Plaintiffs' chosen manner of service [under Section 17.044] would be insufficient if Defendants were not doing business in Texas such that the Secretary of State could be an agent for service of process. Thus, the focus of the inquiry would remain on whether Defendants had sufficient contacts with the State of Texas."), abrogated on other grounds by *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017).  This Court has no personal jurisdiction over the Lenovo Defendants (Section IV, *infra*), and Plaintiff's purported service through the Texas Secretary of State is ineffective for this reason also.

### D.    The Court Should Dismiss Because Effecting Proper Service Would Be Futile

The Court should dismiss the action (rather than quash service), as any attempt to effect proper service would be futile.  *Gregory v. United States/United States Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991) (affirming dismissal with prejudice where proper service would be futile).  Here, effecting proper service would be futile because the Court has no personal jurisdiction over the Lenovo Defendants.  (*See* Section IV, *infra*; *Real v. Matteo*, No. 17-01288, 2018 U.S. Dist. LEXIS 13410, at *5 (W.D. La. Jan. 3, 2018) ("[p]roper service would be futile, for instance, where this Court would not have personal jurisdiction over the defendant").

## IV.    THE COURT SHOULD DISMISS FOR LACK OF PERSONAL JURISDICTION

### A.    Legal Standard

Plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  *See Centre One v. Vonage Holdings Corp.*, No. 6:08CV467, 2009 U.S. Dist. LEXIS 69683, at *7-8 (E.D. Tex. Aug. 10, 2009) ("Once a movant challenges a court's jurisdiction over him, the party asserting

jurisdiction bears the burden to show the movant has minimum contacts with the forum state to support jurisdiction over the movant.") (citing *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001)).[3]  For a court to have personal jurisdiction over a defendant, "jurisdiction must exist under the forum state's long-arm statute," and "assertion of personal jurisdiction must be consistent with the limitations of the due process clause."  *Med. Sols., Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1139 (Fed. Cir. 2008).   "Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the court limits its inquiry to whether the exercise of personal jurisdiction over the nonresident defendant comports with federal constitutional due process requirements." *Am. Film & Printing, Ltd. v. Cowart Mulch Prods.*, No. 3:15-CV-0682-L-BF, 2015 U.S. Dist. LEXIS 135092, at *8-9 (N.D. Tex. July 16, 2015).  Due process requires that a foreign defendant have sufficient minimum contacts with the forum, such that the foreign defendant should "reasonably anticipate being haled into court" in the forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  "Under the 'minimum contacts' test, a defendant may be subject to either specific jurisdiction or general jurisdiction." *Hockerson-Halberstadt, Inc. v. Propet USA, Inc.*, 62 Fed. App'x. 322, 336 (Fed. Cir. 2003).  This Court has neither specific jurisdiction nor general jurisdiction over the Lenovo Defendants.

## B.    The Lenovo Defendants Are Not Subject to General Jurisdiction

In 2014, the Supreme Court changed the landscape of general jurisdiction law, by requiring that a corporation be "at home" in the forum and shifting away from the "substantial, continuous, and systematic" contacts test.  *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014) (finding plaintiffs' request that the Court "approve the exercise of general jurisdiction in every State in

---

[3] Federal Circuit law governs to determine whether a district court may exercise personal jurisdiction over an out-of-state accused infringer in a patent case. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).

which a corporation 'engages in a substantial, continuous, and systematic course of business' [to be] unacceptably grasping").  Since then, it has been "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014); *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 972, 976-77 (S.D. Tex. 2018) ("general business contacts with a forum—even substantial, continuous, and systematic business contacts—are not enough to establish general jurisdiction over a defendant"); *Marin v. Michelin N. Am., Inc.*, No. SA-16-CA-497-FB (HJB), 2017 U.S. Dist. LEXIS 214378, at *8-9 (W.D. Tex. July 13, 2017) (finding no general jurisdiction even though defendant had employees, corporate officers, offices, bank accounts, and real property in Texas, as defendant was a New York corporation with its principal place of business in South Carolina); Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat'l Ed. Apr. 2018) Ch. 3-E ("At one time, cases routinely held a corporation was [] subject to general jurisdiction if it did 'continuous and systematic' business in the forum state; however, that now ordinarily will not be sufficient if the corporation is neither incorporated in nor has its principal place of business in the forum state.").

The Lenovo Defendants are not "at home" in Texas, but in China.  (Cranor Dec. ¶ 2.)  Their principal place of business is in Shanghai and Hong Kong, respectively.  (*Id.*)  Plaintiff admits that the Lenovo Defendants are "organized under the laws of the People's Republic of China" and that their respective "office" is in China also.  (Dkt. 1, ¶¶ 14-15.)  Moreover, they have none of the traditional indicia of general jurisdiction, such as employees, offices, property, or an agent for service of process in Texas.  (*Id.* ¶ 4.)  This Court lacks general jurisdiction over the Lenovo Defendants.  *Daimler*, 571 U.S. at 138.

### C.    The Lenovo Defendants Are Not Subject to Specific Jurisdiction

"In order to satisfy due process requirements for establishing specific jurisdiction over a

defendant, the plaintiff must show that the defendant purposely directed its activities at residents of the forum and that the plaintiff's claim arises from or relates to those activities.  In addition, the plaintiff must satisfy the court that the assertion of personal jurisdiction under the circumstances is reasonable and fair."  *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011).  None of these requirements are met here.  Plaintiff alleges no particularized facts whatsoever or any particular theory to establish specific jurisdiction. (Dkt. 1, ¶ 35.)  Instead, it generically parrots the elements of infringement as to all defendants.  (*Id.*)  However, in the event that Plaintiff asserts for the first time in its opposition brief either an alter ego or stream of commerce theory of specific jurisdiction, the Lenovo Defendants preemptively address them below, and show these theories are unavailing.

            **1.**       **Plaintiff's claims do not arise out of the Lenovo Defendants' activities purposefully directed at Texas.**

The Lenovo Defendants have not purposefully directed any activities at Texas that give rise to Plaintiff's claims.  Plaintiff alleges jurisdiction is proper because the Lenovo Defendants purportedly manufacture, sell, or offer to sell in Texas, or import the accused the products into Texas. (Dkt. 1, ¶ 40.)  But these allegations are false, and there is no jurisdiction on these grounds. (Cranor Dec. ¶ 4; *Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 769 (E.D. Tex. 2009) (finding no specific jurisdiction over defendant that "has never made, used, imported, sold, or offered to sell any of the accused products in Texas").

            a.       *There is no specific jurisdiction under an alter ego or agency theory.*

Although Plaintiff has not, to the extent it asserts specific jurisdiction under an alter ego or agency theory on the purported grounds that the actions of Lenovo (United States), Inc. can be imputed to the Lenovo Defendants, the allegation would be false.  The Lenovo Defendants have merely an ordinary corporate affiliate relationship with Lenovo (United States), Inc., which does

not show the Lenovo Defendants "purposefully directed" any activities toward Texas.  *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983) (finding that "a foreign parent corporation is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there"); *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1380 (Fed. Cir. 2015) ("[T]he 'unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State' because it is essential that the *defendant* take actions purposefully availing him or her of the privileges and benefits of the forum state.") (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *Fellowship Filtering Techs., LLC v. Alibaba.com, Inc.*, No. 2:15-cv-2049-JRG, 2016 WL 6917272, at *5 (E.D. Tex. Sept. 1, 2016) ("[E]ven one hundred percent ownership of a subsidiary is not a sufficient basis to disregard the corporate form").  In fact, specific jurisdiction under an alter ego or agency theory is "reserved for exceptional cases" only.  *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006).  Demonstrating specific jurisdiction under such a theory requires undertaking an exhaustive multifactor analysis, *Gundle Lining Constr. Corp. v. Adams Cnty. Asphalt, Inc.*, 85 F.3d 201, 208-09 (5th Cir. 1996), which Plaintiff has not even attempted to do.

    b.    *There is no specific jurisdiction under a stream of commerce theory.*

In its opposition brief, Plaintiff may also turn to a "stream of commerce" theory of specific jurisdiction.  This theory contemplates "a nonresident defendant, acting *outside* the forum, plac[ing] in the stream of commerce a product that ultimately causes harm *inside* the forum." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 926 (2011) (emphasis in original).  But the "stream of commerce" theory in patent infringement actions only applies in very limited circumstances, not available here.

The U.S. Supreme Court has articulated two tests for specific jurisdiction under a stream of commerce theory.  In the first test, the defendant must place the accused products into the stream

of commerce and be "aware that the final product is being marketed in the forum State." *Asahi Metal Industry Co. v. Super. Ct. of Cal.,* 480 U.S. 102, 117 (1987) (J. O'Connor plurality opinion); *accord J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881-82 (2011).  The second test is the same as the first but *additionally* requires "an act of the defendant purposefully directed toward the forum State." *Asahi*, 480 U.S. at 112 (J. Brennan plurality opinion); *J. McIntyre*, 564 U.S. at 883.  The Federal Circuit has not decided which of the tests to adopt, because "the resolution of the cases [before it] thus far has not required us to 'take a side on the *Asahi* divide.'" *Polar Electro Oy v. Suunto Oy*, 829 F. 3d 1343, 1349-50 (Fed. Cir. 2016); *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F. 3d 1373, 1382 (Fed. Cir. 2015) (finding no specific jurisdiction using either test of stream of commerce theory,); *AFTG-TG, LLC v. Nuvoton Technology Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (same).  Similarly, here, this Court need not decide which test to apply, because under either test, the Lenovo Defendants are not subject to specific jurisdiction.

> (1)   **The Lenovo Defendants do not place any products into the stream of commerce.**

The Lenovo Defendants do not satisfy the most basic element of either *Asahi* test, because they have not placed any accused products in the stream of commerce, period.  *See Asahi*, 480 U.S. at 112, 117.  The stream of commerce "refers to the movement of goods from manufacturers through distributors to consumers," *J. McIntyre,* 564 U.S. at 881-82, but the Lenovo Defendants do not manufacturer or distribute the accused products; nor do they import or ship the accused products into the U.S.  (Cranor Dec. ¶ 4; *see Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498 (D. Del. 2017) (finding no specific jurisdiction under stream of commerce theory where foreign defendant did not manufacture, distribute, import, or ship the accused products); *Univ. of Mass. Med. School v. L'Oréal S.A.*, No. 17-868-CFC-SRF, 2018 WL 5919745 (D. Del. Nov. 13, 2018) (same).)  Having not placed the accused products into the stream of commerce, the

Lenovo Defendants cannot be "aware" of having done so, or engaged in any additional act "purposefully directed" toward Texas.  *Asahi*, 480 U.S. at 112, 117.

            (2)     **The Lenovo Defendants' affiliation with Lenovo (United States), Inc. is not sufficient under a stream of commerce theory.**

Plaintiff may argue that the Lenovo Defendants place the accused products into the stream of commerce by virtue of their affiliation with Lenovo (United States), Inc.  But a U.S. entity introducing the accused product into the stream of commerce is insufficient to show personal jurisdiction over a foreign affiliate.  In *Nespresso*, the court rejected the argument that the Swiss defendants could be held responsible for the actions of their U.S. subsidiary, finding that the "mere ownership of a subsidiary does not justify the imposition of liability on the parent."  263 F. Supp. 3d at 504.  Rather, the plaintiff must "demonstrate that Nestlé and Nestec [Swiss defendants] were responsible for introducing the Nespresso machines [accused products] into the stream of commerce, and not simply that a subsidiary within the United States introduced the Nespresso machines."  *Id.* (dismissing for lack of personal jurisdiction).  Similarly here, the Lenovo Defendants are not responsible for introducing the accused products into the U.S. or Texas markets.  (Cranor Dec. ¶ 4.)  Their status as Chinese affiliates of Lenovo's U.S. entities does not subject them to personal jurisdiction under a stream of commerce theory.

In *Univ. of Mass. Med. School*, the plaintiff argued that the French defendant placed the accused products into the stream of commerce because it "intends for its products to be sold in the United States through its subsidiary L'Oréal USA."  2018 WL 5919745, at *10.  The court rejected this argument, noting that the French defendant was "not responsible for introducing the Accused Products, which are made and sold by L'Oréal USA in the United States, into the stream of commerce."  *Id.* (finding the "record before the court does not support plaintiffs' argument that L'Oréal S.A. introduced the Accused Products into the stream of commerce").  "L'Oréal S.A.'s

corporate structure is not sufficient to establish personal jurisdiction under the stream of commerce theory." *Id.* Similarly here, Lenovo (United States), Inc. is responsible for all U.S. activities relating to the accused products, and the Lenovo Defendants' corporate structure is not sufficient to confer specific jurisdiction over them in Texas.

Moreover, such a stream of commerce theory, based on broadly imputing the activities of Lenovo (United States), Inc. to the Lenovo Defendants, should be rejected for violation of the Due Process Clause. In *Silicon Labs., Inc. v. Cresta Tech. Corp.*, No. A-14-CA-318-SS, 2014 WL 3530817 (W.D. Tex. July 14, 2014), Plaintiff asserted a stream of commerce theory against a nonresident corporation on the basis that it sold the infringing chip to manufacturers, "which in turn sells finished products in major national retail stores." *Id.* at *3. This district stated, "Regardless of which [*Asahi*] stream of commerce theory is applied, the Court holds [the plaintiff] has failed to carry its burden of showing personal jurisdiction may be properly exercised over [the defendant]." *Id.* "The logic of [the plaintiff's] theory would subject [the defendant] to personal jurisdiction in all fifty states by virtue of [the manufacturer's] conduct. . . . Texas's connection to this litigation is no more direct than Washington's or North Dakota's or Vermont's." *Id.* at *3-4. "If the Due Process Clause means anything in the personal jurisdiction context, it must impose real limits on jurisdiction based on the flow of goods in an increasingly fluid and globalized economy." *Id.* at *4.

Similarly, in *Auto Wax Co., Inc. v. Kasei Kogyo Co., Ltd.,* No. A 00- 531 SS, 2001 WL 1891719 (W.D. Tex. Sept. 26, 2001), this district rejected the argument that the Japanese defendant's shipment of the accused product to a U.S. distributor would confer specific jurisdiction under the stream of commerce theory, also for violation of the Due Process Clause. *Id.* at *1. "[W]ere the Court to find sufficient contacts to establish jurisdiction over [the defendant], *any*

court in the United States where [the U.S. distributor] sold the [accused] products, where [the U.S. distributor's] buyers then re-sold the products, and so on, would have jurisdiction, until the stream of commerce became one interconnected ocean watering the Due Process Clause down to nothing." *Id.* at *3; *see also Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd.*, No. A–12–CV–644–LY, 2014 WL 1603665, at *5-6 (W.D.Tex. Mar.19, 2014) (finding no specific jurisdiction where patentee's stream of commerce theory "would allow the exercise of personal jurisdiction in every state, not just Texas").

Here, Plaintiff's stream of commerce theory, based on imputing the activities of Lenovo (United States), Inc. to the Lenovo Defendants, would be no more directed to Texas than to any other state.  As such, it would violate the Due Process Clause, and should be rejected.

### 2.     The assertion of personal jurisdiction would not be reasonable or fair.

Determining whether the assertion of personal jurisdiction would be reasonable or fair involves balancing the burden on the defendant against the interests of the forum and the plaintiff, in litigating the case in the forum.  *See Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429 (Fed. Cir. 1996).  Here, no one has a strong interest in adjudicating the case in this district that would outweigh the considerable burden on the Lenovo Defendants, the Court, the witnesses, and even Plaintiff.  Discovery, for example, would result in significant costs to the parties.  None of the Lenovo Defendants' employees are located in the U.S. or Texas (Cranor Dec. ¶ 4), so Plaintiff would have to travel to China to depose any of them.  *See Motion Games, LLC v. Nintendo Co., Ltd*, No. 6:12-cv-878-JDL, 2014 WL 5306961, at *3 (E.D. Tex. Oct. 16, 2014) ("[T]he general rule [is] that a corporation's designees be deposed at or near the corporation's principal place of business.") (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)).  Nor can Plaintiff seek to depose foreign witnesses in the United States to offset its own costs and procedural obstacles, at the expense of the foreign Lenovo Defendants.  *See In re Outsidewall Tire Litig.*, 267 F.R.D.

466, 474 (E.D. Va. 2010) ("Facilitating service of process on managing agents of foreign corporations is not a legitimate reason to compel deponents to appear in [the U.S. forum]."); *Auto Wax*, 2001 WL 1891719, at *3 ("The burden on a defendant is especially high when the defendant is located in a foreign country, and the burden on [defendant here] even exceeds that in *Asahi,* where the Supreme Court found the burden of traveling to California too 'severe' for a Japanese defendant.").

The excess discovery costs are particularly unwarranted when the Chinese witnesses would be deposed on topics of which they have no firsthand knowledge, such as the manufacture, importation, distribution, and sale of the accused products.  (*See* Cranor Dec. ¶ 4; *Asahi,* 480 U.S. at 114 ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders.").

Plaintiff has no genuine interest in litigating this lawsuit in Texas.  American Patents LLC was not incorporated until April 10, 2018, approximately seven months before this lawsuit was filed.  (Yip Dec., Ex. A.)  Its website is a single webpage containing only a few bits of contact information.  (*Id.*, Exs. B, C.)  It is unclear whether Plaintiff has any employees or any actual place of business.  (*Id.*, Exs. D, E.)  From September to December 2018 alone, Plaintiff filed thirteen separate patent infringement lawsuits against approximately 49 different defendants.  (*Id.* ¶ 5.) Plaintiff appears to have been created solely for purposes of litigation, and any local interest therefore is minimal.  *See In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (finding plaintiff's interest entitled to no weight where its "presence in Texas appears to be recent, ephemeral, and an artifact of litigation").

Finally, exercising jurisdiction over the Lenovo Defendants based on Lenovo (United

States), Inc.'s activities would be unreasonable and unfair because Plaintiff's only apparent motive in not suing the U.S. entity is to avoid a venue challenge under *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017) and *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017).[4] Plaintiff's attempt to circumvent jurisdiction requirements to forum shop and manipulate venue is neither reasonable nor fair.  *See In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) ("The Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation.")

### D.    The Court Does Not Have Jurisdiction Under Rule 4(k)(2)

Plaintiff alleges this Court has personal jurisdiction over the Lenovo Defendants under Rule 4(k)(2).  (Dkt. 1, ¶ 35.)  This is wrong.  Establishing personal jurisdiction under this Rule requires showing that (1) Plaintiff's claim arises under federal law; (2) the Lenovo Defendants are not subject to jurisdiction in any state; and (3) this Court's exercise of personal jurisdiction comports with due process.  *Id.*  Plaintiff's claim arises under federal law and the Lenovo Defendants assert they are not subject to any state's jurisdiction, leaving only the due process inquiry.  Due process under Rule 4(k)(2) "requires the same 'minimum contacts' analysis" as for determining personal jurisdiction.  *Ruiz v. Martinez,* No. 07-CV-078, 2007 U.S. Dist. LEXIS 49101, at *37 (W.D. Tex. May 17, 2007).  But "Rule 4(k)(2) 'contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits.'"  *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1416 (Fed. Cir. 2009) (citation omitted).

Under a Rule 4(k)(2) analysis, the "burden of persuasion remains with the plaintiff to make

---

[4] By contrast, Plaintiff's counsel named Lenovo (United States) Inc. in several U.S. patent infringement lawsuits that were filed prior to *TC Heartland*.  *See, e.g.*, *Nonend Inventions, NV v. Lenovo (US) Inc.*, No. 15-cv-00610, Dkt. No. 1 (E.D. Tex. May 1, 2015); *E-Contact Techs., LLC v. Acer Am. Corp.*, No. 12-cv-00352, Dkt. No. 1 (E.D. Tex. July 13, 2012); *Guardian Media Techs., Ltd. v. Acer Am. Corp.*, No. 10-cv-00597, Dkt. No. 1 (E.D. Tex. Nov. 10, 2010).

a *prima facie* showing of defendant's nationwide minimum contacts." *World Tanker Carriers Corp. v. M/V Ya Mawlaya*, 99 F. 3d 717, 724 (5th Cir. 1996).  Plaintiff fails to meet its burden here, as there can be no personal jurisdiction by virtue of the Lenovo Defendants' contacts with the "entire United States." *Touchcom*, 574 F.3d at 1416.  There is no general jurisdiction because the Lenovo Defendants are not incorporated and do not have their principal place of business anywhere in the U.S.  (Cranor Dec. ¶ 2; *Daimler*, 571 U.S. at 137.)  There is no specific jurisdiction because the Lenovo Defendants do not manufacture, sell, offer to sell, or distribute the accused products anywhere in the U.S., or import or ship the accused products into the U.S.  (Cranor Dec. ¶ 4; *Blue Spike, LLC v. Huawei Techs. Co., Ltd.*, No. 6:13-cv-00679-RWS, 2016 U.S. Dist. LEXIS 194468, at *9 (E.D. Tex. June 6, 2016) (no jurisdiction under Rule 4(k)(2) where plaintiff failed to show Chinese defendant was "at home" in the U.S. or that its contacts with the entire U.S. related to accused products).  Plaintiff cannot show nationwide minimum contacts under Rule 4(k)(2) and there is no personal jurisdiction.

## V.      THE COURT SHOULD DISMISS FOR IMPROPER VENUE

This action should be dismissed because the Western District of Texas is not a proper venue.  Although a "defendant not resident in the United States may be sued in any judicial district," 28 U.S.C. § 1391(c), venue is not proper where personal jurisdiction is lacking.  *Belden Technologies, Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 460 (D. Del. 2009) ("a finding of personal jurisdiction over a foreign defendant is a preliminary requirement to [§ 1391(c)'s] provision that an alien may be sued in any judicial district"); *Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448, 454 (E.D. Pa. 1999) ("venue is improper[] . . . because the court does not have personal jurisdiction over the defendant"); *Simplex-Turmar, Inc. v. Roland Marine, Inc.*, No. 96-CV-0723E(M), 1997 WL 736541, at *1 n.3 (W.D.N.Y. Nov. 14, 1997) ( "[defendant] is amenable to suit in any venue, presuming personal jurisdiction lies"); *Weinstein v. Norman M.*

-19-

*Morris Corp.*, 432 F. Supp. 337, 339 (E.D. Mich. 1977) (Section 1391(c) "is a venue statute and not a statute creating personal jurisdiction in federal district courts"); *Mizrahi v. Great-West Life Assurance Co.*, No. 99-819, 1999 WL 398714, at *2 (E.D. Pa. June 17, 1999) ("[a]n alien corporation may be sued in any district in which it can be subject to personal jurisdiction"); *Mylan Labs., Inc. v. Akzo, N.V.*, No. 89-1671, 1990 WL 58466, at *7 n.20 (D.D.C. Mar. 27, 1990) ("the alien venue provision does not establish personal jurisdiction in any Federal District Court").  As one court observed, "it would seem unreasonable to conclude that a foreign corporation could be sued in any judicial district even if that corporation were not subject to personal jurisdiction anywhere in the United States."  *Belden*, 626 F. Supp. 2d at 460.

Here, Texas courts do not have personal jurisdiction over the Lenovo Defendants (*see* Section IV, *supra*), and therefore this case should be dismissed for improper venue also.

## VI.    CONCLUSION

The Lenovo Defendants were never served.  They are also Chinese entities that operate in Shanghai and Hong Kong, and have never reasonably anticipated being "haled into court" across land and sea to the Western District of Texas.  This Court lacks personal jurisdiction, and to permit Plaintiff to strongarm the Lenovo Defendants into this forum would violate the Due Process Clause.  For the same reason, this district is also an improper venue.  Pursuant to Rules 12(b)(2), (3), and (5), the Court should dismiss this case, with prejudice, for failure of service, lack of personal jurisdiction, and improper venue.

Dated: January 31, 2019                 Respectfully submitted,

                                        */s/ Eric H. Findlay*
                                        _____
                                        Eric H. Findlay
                                        Texas State Bar No. 00789886
                                        FINDLAY CRAFT
                                        102 North College Avenue, Suite 900
                                        Tyler, TX 75702
                                        (903) 534-1100
                                        (903) 534-1137 (Fax)
                                        EFindlay@FindlayCraft.com

                                        Martin Bader (Admitted *Pro Hac Vice*)
                                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                        12275 El Camino Real, Suite 200
                                        San Diego, CA  92130-4092
                                        (858) 720-8900
                                        (858) 509-3691 (Fax)
                                        mbader@sheppardmullin.com

                                        Lai L. Yip (Admitted *Pro Hac Vice*)
                                        Toni Qiu (Admitted *Pro Hac Vice*)
                                        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                                        Four Embarcadero Center, 17th Floor
                                        San Francisco, CA  94111
                                        (415) 434-9100
                                        (415) 434-3947 (Fax)
                                        lyip@sheppardmullin.com
                                        tqiu@sheppardmullin.com

                                        Attorneys for Specially Appearing Defendants Lenovo
                                        (Shanghai) Electronics Technology Co. Ltd. and
                                        Lenovo Group, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2019, a true and correct copy of the foregoing SPECIALLY APPEARING DEFENDANTS LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD. AND LENOVO GROUP, LTD.'S MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS, LACK OF PERSONAL JURISDICTION, AND IMPROPER VENUE was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

*/s/ Eric H. Findlay*
Eric H. Findlay