**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDIATEK INC., MEDIATEK USA INC., BROADCOM PTE. LTD., BROADCOM CORPORATION, LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO GROUP, LTD., NXP SEMICONDUCTORS N.V., NXP B.V., NXP USA, INC., QUALCOMM INCORPORATED and QUALCOMM TECHNOLOGIES, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 6:18-CV-339-ADA |

**SPECIALLY APPEARING DEFENDANTS LENOVO (SHANGHAI) ELECTRONICS
TECHNOLOGY CO., LTD. AND LENOVO GROUP LTD.'S
OPPOSED MOTION TO SEVER AND STAY PURSUANT TO THE
CUSTOMER-SUIT EXCEPTION DOCTRINE**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND ..........................................................................................2

    A. The Asserted Patents and Claims Are All Directed to Integrated Circuits, Not Tablets ..................................................................................................................2

    B. Plaintiff's Infringement Allegations Are All Directed to Integrated Circuits, Not Tablets ..................................................................................................................2

    C. The Accused Devices Are All Integrated Circuits, Except as to the Lenovo Defendants, for Which Tablets Are Only Nominally Accused ...............................4

III. LEGAL STANDARD......................................................................................................5

IV. ARGUMENT ...................................................................................................................6

    A. The Claims Against the Lenovo Defendants Are "Peripheral" to Those Against the Manufacturers ......................................................................................6

        1. The Lenovo Defendants do not manufacture or design the accused integrated circuits. ......................................................................................6

        2. The infringement allegations are identically directed to integrated circuits as to all Defendants. ...................................................................7

        3. The Manufacturers have the substantive knowledge and discovery regarding alleged infringement, not the Lenovo Defendants........................7

    B. Adjudication of the Claims Against the Manufacturers Will Dispose of the Claims Against the Lenovo Defendants ..................................................................8

V. CONCLUSION................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

Cases

*Cellular Commc'ns Equip., LLC v. Apple Inc. et al.*
  6:14-cv-251, 2016 WL 6884648 (E.D. Tex. Aug. 26, 2016) ......................................... 5, 6, 7, 8

*Collaborative Agreements, LLC v. Adobe Sys. Inc.*
  No. 1:14-cv-356-LY, 2015 WL 10818739 (W.D. Tex. Aug. 21, 2015) ............................ 5, 8, 9

*Glenayre Elecs., Inc. v. Jackson*
  443 F.3d 851 (Fed. Cir. 2006) .................................................................................................. 10

*Intel Corp. v. ULSI Sys. Tech. Inc.*
  995 F.2d 1566 (Fed.Cir.1993) .................................................................................................. 10

*Katz v. Lear Siegler, Inc.*
  909 F.2d 1459 (Fed. Cir. 1990) .................................................................................................. 5

*In re Nintendo of Am., Inc.*
  756 F.3d 1363 (Fed. Cir. 2014) ........................................................................... 1, 5, 6, 8, 10

*Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys., Inc.*
  No. 14-cv-617-GMS, 2015 WL 4624164 (D. Del. Jul. 31, 2015) ............................................. 7

*Saint Lawrence Commc'ns. LLC v. Apple, Inc.*
  2:16-cv-82-JRG, 2017 WL 3712912 (E.D. Tex. Jul. 12, 2017) ................................................. 6

*Shifferaw v. Emson USA*
  No. 2:09-cv-54-TJW-CE, 2010 WL 1064380 (E.D. Tex. Mar. 18, 2010) ............................. 5, 6

*Spread Spectrum Screening LLC v. Eastman Kodak Co.*
  657 F.3d 1349 (Fed. Cir. 2011) ............................................................................................ 8, 10

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*
  No. 10-cv-1101, 2010 WL 3516106 (N.D. Ill. Sept. 1, 2010) ................................................... 8

Statutes

28 U.S.C. § 1404(a) ........................................................................................................................ 5

Other Authorities

Federal Rules of Civil Procedure Rule 21 ...................................................................................... 5

I.  **INTRODUCTION**

The Lenovo Defendants should never have been named in this case, and the proceedings against them should be severed and stayed.[1] The accused technology is allegedly found in integrated circuits manufactured by the Qualcomm and MediaTek Defendants (the "Manufacturers"), not the Lenovo Defendants. These integrated circuits are merely incorporated into the Lenovo Defendants' accused tablets. This is a textbook example of a manufacturer being the "true defendant" in a suit that also names its customers. In these types of cases, the lawsuit against the customer should be severed and stayed pending the resolution of the suit against the manufacturer. *See, e.g., In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (describing the "customer-suit exception" doctrine, which "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute").

Here, the Manufacturers are undoubtedly the "true defendants," and the Lenovo Defendants are merely their customers. The Manufacturers, not the Lenovo Defendants, have the discovery, witnesses, and technical expertise pertinent to the infringement issues. Moreover, the Lenovo Defendants' liability hinges completely on whether the Manufacturers' integrated circuits are found to infringe. Consequently, any adjudication of the claims against the Manufacturers will dispose of the claims against the Lenovo Defendants. Likewise, any remedy obtained against the Manufacturers would exhaust any remedies against the Lenovo Defendants. The claims against the Lenovo Defendants are peripheral to this case.

Rather than impose undue burden on the Lenovo Defendants and tax the limited resources

---

[1] A motion to dismiss for improper service of process, lack of personal jurisdiction, and improper venue, filed by the Lenovo Defendants, is pending at Dkt. 44. By filing this motion, the Lenovo Defendants expressly reserve and do not waive any rights whatsoever, including as to the positions taken and arguments made in the motion at Dkt. 44, as well as the reply at Dkt. 75.

of this Court, the claims against them should be severed and stayed. Litigating those claims in parallel with the claims against the Manufacturers would neither make sense nor advance the administration of justice. The Court should grant this motion to sever and stay.[2]

## II. FACTUAL BACKGROUND

### A. The Asserted Patents and Claims Are All Directed to Integrated Circuits, Not Tablets

Plaintiff asserts four patents, U.S. Patent No. 6,964,001 (the "'001 patent"), U.S. Patent No. 7,836,371 (the "'371 patent"), U.S. Patent No. 8,239,716 (the "'716 patent"), and U.S. Patent No. 8,996,938 (the "'938 patent"). (Dkt. 1, ¶¶ 49, 70, 88, 107.) All of them are identically titled "On-Chip Service Processor." (*Id.*) They are all directed to and describe "integrated circuits," not the products in which those integrated circuits are incorporated. (*E.g.,* Decl. of Lai Yip ("Yip Dec."), Ex. A ('001 patent, col. 1:16-19); Ex. B ('371 patent, col. 1:24-27); Ex. C ('716 patent, col. 1:26-29); Ex. D ('938 patent, col. 1:28-31).) For each asserted patent, Plaintiff asserts a single claim, all of which are apparatus claims with the preamble defining the scope to be an "integrated circuit comprising: . . . ." (Dkt. 1, ¶ 56 ('001 patent, cl. 5), ¶ 77 ('371 patent, cl. 7), ¶ 95 ('716 patent, cl. 1), ¶ 114 ('938 patent, cl. 1).)

### B. Plaintiff's Infringement Allegations Are All Directed to Integrated Circuits, Not Tablets

Plaintiff's general infringement allegations against all Defendants are based on the purported "making, having made, using, importing, providing, supplying, distributing, selling or offering for sale *integrated circuits* having advanced on-chip service capabilities." (Dkt. 1, ¶¶ 57, 78, 96, 115 (emphasis added)). Nowhere in these general allegations is there any mention of end user products, such as tablets.

---

[2] Plaintiff opposes this motion, but the other Defendants do not oppose. (Yip Dec. ¶¶ 12-13.)

Meanwhile, Plaintiff's specific infringement allegations consist of only: (1) parroting the claim language from the asserted patents (*e.g., compare* Dkt. 1, ¶¶ 59-64 *with* Yip Dec. Ex. A ('001 patent), cl. 5); and (2) citing technical documentation for ARM processors (Dkt. 1, ¶¶ 58-64, 79-82, 97-101, 116-19). These ARM processors are purportedly integrated into other Defendants' (not the Lenovo Defendants') accused integrated circuits. (*E.g., compare* Dkt. 1, ¶ 58 (citing technical documentation for ARM Cortex-A53) *with* ¶ 51 (alleging ARM Cortex-A53 is "CPU Cluster 1" and "CPU Cluster 2" of accused MediaTek integrated circuits) & ¶ 55 (alleging ARM Cortex-A53 processor is "CPU Core" of accused Qualcomm integrated circuits).) Not a single factual allegation of infringement is directed to the Lenovo Defendants' tablets themselves.

All Defendants, except the Lenovo Defendants, are principally manufacturers of integrated circuits. (Yip Dec. Ex. E, p. 5 (Qualcomm's 2018 Annual Rpt.: "We derive revenues principally from sales of integrated circuit products"); Ex. F, p. 51 (MediaTek's 2017 Annual Report showing 99.17% of revenue derived from "Multimedia Chipsets"); Ex. G, p. 29 (NXP's 2018 Annual Rpt.: "The vast majority of [NXP's] revenue is derived from the sale of semiconductor products to distributors, Original Equipment Manufacturers ("OEMs") and similar customers"); Ex. H, p. 36 (Broadcom's 2018 Annual Rpt.: "Substantially all of our net revenue is derived from sales of a broad range of semiconductor devices that are incorporated into electronic products"). The Lenovo Defendants, meanwhile, are not in the business of making integrated circuits. (*See id.*, Ex. I (no discussion of designing, developing, or manufacturing integrated circuits anywhere in Annual Report).)[3]

---

[3] Plaintiff alleges that all Defendants "are companies which together comprise [some] of the world's largest manufacturers of integrated circuits." (Dkt. 1, ¶¶ 4, 10, 16, 23, 29.) But this generic allegation is incorrect as to the Lenovo Defendants. (*See* Yip Dec. Ex. I.) In any event, the allegation is irrelevant because Plaintiff does not accuse any integrated circuits purportedly manufactured by the Lenovo Defendants. (*See* Dkt. 1, ¶¶ 53, 74, 92, 111.)

### C. The Accused Devices Are All Integrated Circuits, Except as to the Lenovo Defendants, for Which Tablets Are Only Nominally Accused

As to all Defendants but the Lenovo Defendants, Plaintiffs expressly and directly accuse integrated circuits. (*E.g.,* Dkt. 1, ¶¶ 51, 72, 90, 109 (accusing MediaTek's "MT6595, Helio X10, and Helio X27 families of products"); ¶¶ 52, 73, 91, 110 (accusing Broadcom's "BCM58712 and BCM58713 families of products"); ¶¶ 54, 75, 93, 112 (accusing NXP's "i.MX516, S32V234, and i.MX 8QuadMax families of products"); ¶¶ 55, 76, 94, 113 & pg. 20 n.3, pg. 48 n.6, pg. 69 n.9, pg. 91 n.12 (accusing Qualcomm's "Snapdragon 410E and Snapdragon 650 families of products" and the "Snapdragon 400 tier").)

As to the Lenovo Defendants, even though the accused products are nominally tablets, all the allegations are directed toward the Qualcomm and MediaTek integrated circuits incorporated into those tablets. (*Id.*, ¶¶ 53, 74, 92, 111.)  Those exact same integrated circuits are duplicatively accused in the allegations directed against Qualcomm and MediaTek. (*Compare* Dkt. 1, pg. 12 n.1, pg. 40 n.4, pg. 61 n.7, pg. 83 n.10 (accusing MediaTek's "MT8x series" in the allegations against MediaTek) *with id.*, ¶¶ 53, 74, 92, 111 (accusing "MediaTek 8161 Quad-Core Processor" in allegations against Lenovo Defendants); *compare* Dkt. 1, pg. 20 n.3, pg. 48 n.6, pg. 69 n.9, pg. 91 n.12 (accusing Qualcomm's "Snapdragon 400 tier" in allegations against Qualcomm) *with id.*, ¶¶ 53, 74, 92, 111 (accusing Qualcomm Snapdragon MSM8917 and APQ8017 processors in the allegations against the Lenovo Defendants) & Yip Dec. ¶ 11, Ex. J (MSM8917 and APQ8017 processors are specified in the "Snapdragon 425 Mobile Platform").) Indeed, in a Complaint that is 131 paragraphs long, only four paragraphs mention the Lenovo Defendants' accused tablets. (*Id.*, ¶¶ 53, 74, 92, 111.)  Even those paragraphs are almost entirely focused on the integrated circuits manufactured by Qualcomm and MediaTek. (*Id.*)

## III. LEGAL STANDARD

"Rule 21 of the Federal Rules of Civil Procedure allows the court to sever any claim against a party." *Shifferaw v. Emson USA*, No. 2:09-cv-54-TJW-CE, 2010 WL 1064380, at *1 (E.D. Tex. Mar. 18, 2010) (citing Fed. R. Civ. P. 21). "The district court has broad discretion when deciding whether to sever." *Id.* (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)). Where suit is brought against a manufacturer and its customers, the action against the customers may be severed and stayed pending resolution of the case against the manufacturer, pursuant to the customer-suit exception doctrine. *See In re Nintendo*, 756 F.3d at 1365-66; *see also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer").

Severance and stay of claims against a customer defendant is proper where: (1) the claim to be severed is peripheral to the remaining claims; and (2) adjudication of the remaining claims is potentially dispositive of the severed claim. *Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 1:14-cv-356-LY, 2015 WL 10818739, at *2 (W.D. Tex. Aug. 21, 2015).[4] A court should sever and stay claims against customer defendants pending resolution of claims against a manufacturer to promote judicial economy and where "the administration of justice would be materially advanced." *In re Nintendo*, 756 F.3d at 1366. As explained below, all relevant considerations weigh in favor of severing and staying the claims against the Lenovo Defendants.

---

[4] Where the movant seeks transfer of the severed and stayed claims, courts also consider a third factor of whether such transfer is warranted under 28 U.S.C. § 1404(a). However, the Court need not consider that factor here because the Lenovo Defendants are not presently requesting a transfer, although they reserve all rights to do so and waive none. *See Cellular Commc'ns Equip., LLC v. Apple Inc. et al.*, 6:14-cv-251, 2016 WL 6884648, at *1 (E.D. Tex. Aug. 26, 2016) (noting that the third factor is inapplicable when transfer is not requested).

## IV. ARGUMENT

### A. The Claims Against the Lenovo Defendants Are "Peripheral" to Those Against the Manufacturers

#### 1. The Lenovo Defendants do not manufacture or design the accused integrated circuits.

Courts have recognized that a defendant who does not participate in the manufacture or design of the allegedly infringing instrumentality is "peripheral" to the manufacturing defendant. *See Cellular Commc'ns*, 2016 WL 6884648, at *2 (relying on the fact that plaintiff "proffered no evidence suggesting that Carrier defendants had any meaningful role in the design or manufacture of the component that implements the patented [] functionality" in granting Carrier defendants' motion to sever and stay); *see also Shifferaw*, 2010 WL 1064380, at *3 (same); *Saint Lawrence Commc'ns. LLC v. Apple, Inc.*, 2:16-cv-82-JRG, 2017 WL 3712912, at *2 (E.D. Tex. Jul. 12, 2017) (staying and severing the customer-defendants where they "play[ ] no role in the development, design, or implementation of the relevant software code").

Plaintiff here has not alleged or even suggested that the Lenovo Defendants participate in the design or manufacture of the Manufacturers' integrated circuits. (*See* Dkt. 1, ¶¶ 53, 74, 92, and 111.) Rather, Plaintiff merely alleges that the Lenovo Defendants incorporate the Manufacturers' integrated circuits into the accused tablets, which are then sold. (*See id.*) These allegations demonstrate that the Lenovo Defendants are peripheral. *Cellular Commc'ns*, 2016 WL 6884648, at *2 (finding customers peripheral where plaintiff's "infringement allegations [were] limited to the source code on a baseband chip, which is manufactured and supplied by Qualcomm"; mere fact that customer defendants sell products incorporating these baseband chips did "not change the fact that they do not modify or alter the patented technology at issue"). This is further underscored by the fact that Plaintiff accuses the same integrated circuits as to all of the Lenovo Defendants' accused products. *Id.* (finding severance and stay proper where "the source code on

the Qualcomm chips is the same in every single [accused product], regardless of [whom it is sold by]").

### 2. The infringement allegations are identically directed to integrated circuits as to all Defendants.

Where "the infringement claims against the [customer defendants] are substantively identical to the infringement claims against [the manufacturer defendant], the remaining claims against the [customers] are peripheral." *Id.* at *2. Plaintiff asserts one set of infringement allegations against all Defendants in one fell swoop. (Dkt. 1, ¶¶ 56-64, 77-82, 95-101, 114-19.) The infringement allegations are, therefore, literally identical as to all Defendants, and allegedly describe how the processors within the *integrated circuits* infringe the asserted patents. The Lenovo Defendants' role in litigating the infringement allegations as to these integrated circuits would be purely peripheral.

### 3. The Manufacturers have the substantive knowledge and discovery regarding alleged infringement, not the Lenovo Defendants.

"The rationale behind severing and staying in these circumstances is that second-hand entities like retailers or distributors are not involved and would not have substantive knowledge about the patent infringement, which would begin at the design and manufacture stages." *Rothschild Mobile Imaging Innovations, LLC v. Mitek Sys., Inc.*, No. 14-cv-617-GMS, 2015 WL 4624164 (D. Del. Jul. 31, 2015). The Manufacturers are the parties with the vast majority of the substantive knowledge regarding the technology at issue—the underlying integrated circuits and processors therein. Not so as to the Lenovo Defendants. Similarly, the vast majority of the discovery required to determine infringement is in the possession, custody, or control of the Manufacturers, not the Lenovo Defendants. Severance and stay of the peripheral claims asserted against the Lenovo Defendants is therefore proper to "facilitate convenient, efficient, and less expensive determination" of this action. *Cellular Commc'ns*, 2016 WL 6884648, at *3 (citing *In*

re Nintendo*, 756 F.3d at 1365); *see also Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10-cv-1101, 2010 WL 3516106, at *3 (N.D. Ill. Sept. 1, 2010) (granting motion to sever and stay where the "[customer defendants] have nothing substantive to offer during [plaintiffs'] action against [manufacturer defendant] and likely do not even understand how the product software actually works and will not be helpful to determine whether [the accused product] infringes").

### B. Adjudication of the Claims Against the Manufacturers Will Dispose of the Claims Against the Lenovo Defendants

The "manufacturer's case need only have the *potential* to resolve the 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of the customer suits." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011) (emphasis added). Here, adjudication of the claims against the Manufacturers will resolve the substantive claims against the Lenovo Defendants because the Court will either determine, among other things, that the Manufacturers' integrated circuits: (1) do not infringe the asserted patents, which means the Lenovo Defendants' accused tablets also do not infringe; or (2) infringe the asserted patents, whereby any reasonable royalty awarded against the Manufacturers would exhaust Plaintiff's remedies as to the Lenovo Defendants. Similarly, if the Manufacturers prove that the asserted patents are invalid, the patents could not be asserted against Lenovo at a later time.

Where the "[manufacturer defendants'] liability is predicate to recovery from any of the [other] defendants, the case against [the manufacturer defendants] must proceed first." *In re Nintendo*, 756 F.3d at 1366; *Collaborative Agreements*, 2015 WL 10818739, at *2 (finding that where "the infringement case against all Defendants will rise and fall with the question of whether [the manufacturers' products are] found to infringe the claims of the patent," severance and stay is proper). Here, Plaintiff's infringement claims against the Lenovo Defendants "rise and fall" with

its claims against the Manufacturers. This is because the claims against the Lenovo Defendants are directed toward the *Manufacturers'* integrated circuits. (Section II.B, *supra*.) Each and every asserted claim is an apparatus claim directed to "integrated circuits." (Section II.A, *supra*.) Each element of each asserted claim recites components or features of the claimed integrated circuit. (*E.g.*, Yip Dec. Ex. A (claim 5 of the '001 patent requires "[a]n integrated circuit comprising: . . . logic blocks . . . an on-chip logic analyzer . . . [and] probe lines" and then recites how those components or features are implemented to achieve the intended purpose).)

The only reason why the Lenovo Defendants are named at all is because their accused tablets happen to incorporate the Manufacturers' integrated circuits. Consequently, it is impossible that the Court could find infringement as to the Lenovo Defendants, without first determining whether the Manufacturers' integrated circuits infringe. This counsels strongly in favor of a stay. *Collaborative Agreements*, 2015 WL 10818739, at *2 (granting the customer defendant's motion to sever and stay where the "court [found] it extremely unlikely that a reasonable jury could find that if [the manufacturer defendant's] software does not infringe the patent, the Customer Defendants' use of the software does infringe").

Additionally, *if* this Court were to find that the Manufacturers' integrated circuits infringe any asserted claim, and that the patents are valid, Plaintiff's monetary recovery on those claims would exhaust any monetary recovery against the Lenovo Defendants. "[W]hen a patentee receives full compensation for the wrongful use of an invention in devices made and sold by a manufacturer, the patentee effectively adopts the sales by the manufacturer such that purchasers and users of the devices *receive implied licenses that free them from liability* for infringement of the patent." *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 865 (Fed. Cir. 2006) (emphasis added); see also *Intel Corp. v. ULSI Sys. Tech. Inc.*, 995 F.2d 1566 (Fed.Cir.1993) (holding that a patentee

can collect only one royalty from a patent infringement). Thus, where "the issues of infringement and invalidity are common to [the manufacturer defendants] and the [customer defendants,] if [plaintiff was] to collect royalties from [the manufacturer defendants], this would preclude suit against the [customer defendants]." *In re Nintendo*, 756 F.3d at 1366.

The Manufacturers' case here does not just have the "potential" to resolve "major issues" concerning the claims against the Lenovo Defendants, it will necessarily resolve them. *Spread Spectrum*, 657 F.3d at 1358.

## V.   CONCLUSION

Plaintiff's infringement allegations against the Lenovo Defendants are entirely directed to integrated circuits manufactured by the Qualcomm and MediaTek Defendants. The Lenovo Defendants merely allegedly incorporate the accused integrated circuits into end user tablets. All infringement allegations against the Lenovo Defendants are wholly duplicative of and identical to the claims against the Manufacturers, and it is baffling why Plaintiff singled out and named the Lenovo Defendants at all. Severance and stay of the claims against the Lenovo Defendants is warranted. The Court should grant this motion.

March 13, 2019                    Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
Texas State Bar No. 00789886
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, TX 75702
(903) 534-1100
(903) 534-1137 (Fax)
efindlay@findlaycraft.com

Martin Bader (Admitted *Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
12275 El Camino Real, Suite 200
San Diego, CA  92130-4092
(858) 720-8900
(858) 509-3691 (Fax)
mbader@sheppardmullin.com

Lai L. Yip (Admitted *Pro Hac Vice*)
Toni Qiu (Admitted *Pro Hac Vice*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
(415) 434-9100
(415) 434-3947 (Fax)
lyip@sheppardmullin.com
tqiu@sheppardmullin.com

**Attorneys for Specially Appearing Defendants Lenovo (Shanghai) Electronics Technology Co., Ltd. and Lenovo Group Ltd.**

**CERTIFICATE OF CONFERENCE**

The Parties have complied with Local Rule CV-7(i). Lai Yip, counsel for Specially Appearing Defendants Lenovo (Shanghai) Electronics Technology Co., Ltd. and Lenovo Group Ltd., met and conferred with Zac Harrington, counsel for American Patents LLC, on March 12, 2019. Mr. Harrington indicated that American Patents LLC opposes the Motion.

                                                                               */s/ Lai L. Yip*_____
                                                                               Lai L. Yip

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2019, a true and correct copy of the foregoing SPECIALLY APPEARING DEFENDANTS LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO GROUP, LTD.'S OPPOSED MOTION TO SEVER AND STAY PURSUANT TO FED. R. CIV. P. 21 was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                                               */s/ Eric H. Findlay*\_\_\_\_
                                                                               Eric H. Findlay