**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>MEDIATEK INC., ET AL.,<br><br>   Defendants. | CIVIL ACTION NO. 6:18-CV-339<br><br>**JURY TRIAL DEMANDED** |

**AMERICAN PATENTS' OPPOSITION TO
LENOVO'S MOTION FOR PROTECTIVE ORDER, RECONSIDERATION, AND STAY**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL STANDARD ...........................................................................................................2

III. **THE MOTION SHOULD BE DENIED ON SUBSTANTIVE GROUNDS**.....................2

    A. Courts Have the Power to Defer Ruling on Any 12(b) Motion Until Trial. ...................2

    B. Lenovo Cites No Authority That Supports Its Position. .................................................3

    C. Courts May Order Discovery Before Ruling on Rule 12(b)(5) Motions. ......................4

    D. The Order Granting Jurisdictional Discovery Is Not Futile or Overbroad. ....................6

IV. **THE MOTION SHOULD BE DENIED ON PROCEDURAL GROUNDS**......................7

    A. The Motion Raises New Arguments That Have Been Waived........................................7

    B. The Motion Improperly Rehashes Old Arguments. ........................................................9

    C. Nothing Has Happened in the Case That Would Justify Reconsideration. ....................9

V. SANCTIONS AGAINST LENOVO ARE WARRANTED ................................................10

VI. CONCLUSION ...................................................................................................................10

I.      **INTRODUCTION**

This Court granted jurisdictional discovery and ordered defendants Lenovo Group and Lenovo Shanghai (collectively, "Lenovo") to produce related documents over a month ago. Yet Lenovo has not even tried to comply. Instead, after multiple rounds of briefs, hundreds of slides, and two oral arguments following its motion to dismiss, Lenovo now argues *for the first time* that this Court lacks the *power* to order jurisdictional discovery unless the Court first decides whether service was improper. Lenovo's motion is substantively baseless and procedurally illegitimate— and obviously so. It should be denied.

Lenovo's substantive argument lacks even a shred of merit. Indeed, Lenovo's claim that this Court must immediately rule on its Rule 12(b)(5) motion directly contradicts Rule 12(i). That provision allows courts to decide when and how they resolve Rule 12 motions, and even permits deferring such rulings until *trial*. And when motions asserting improper service or other Rule 12 defenses raise factual disputes, courts routinely order jurisdictional discovery. So there was nothing unusual—let alone improper—about this Court ordering jurisdictional discovery related to Lenovo's Rule 12 motion before the Court rules on the motion itself.

Nor does Lenovo's motion present proper procedural grounds for reconsideration. Even Lenovo's own cited case explains that reconsideration motions "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Reneker v. Offill*, 2012 WL 3599231, at *1 (N.D. Tex. Aug. 22, 2012) (*See* Mot., at 4). So Lenovo cannot, under the cloak of "reconsideration," advance new arguments that it could have raised in its original January 31 motion, or in the briefs and hearings that followed. And the rest of Lenovo's motion simply recycles old arguments that Lenovo has already made.

Lenovo's motion for reconsideration should be denied.[1]

---

[1] Although Lenovo's motion is styled as a motion for reconsideration, protective order, and stay, Lenovo cites no authority that courts can grant protective orders from their own specific discovery orders. Further, Lenovo acknowledges it already filed a motion to stay, which is still pending, and its further arguments about a stay here presume a decision in its favor on the improper service issue. (*See* Mot., at 10.) So despite the title, Lenovo treats its motion as purely

## II.  LEGAL STANDARD

Rule 54(b) allows a court to reconsider interlocutory orders and provide relief "as justice requires." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); Fed. R. Civ. Proc. 54(b). But "[t]he mere fact that Rule 54(b) provides for a more flexible approach to reviewing motions for reconsideration does not mean that such motions should automatically be granted." *Halprin v. Fed. Deposit Ins. Corp.*, 2017 WL 9808438, at *2 (W.D. Tex. Oct. 17, 2017) (denying reconsideration under *Austin* because the moving party "point[ed] to no evolution in the case that would warrant reconsideration"). Although courts have the power to revisit prior decisions, "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (internal citations omitted).

Thus, "[a] motion for reconsideration is not a means by which a party can simply note its disagreement with the Court's conclusion and ask for a new one." *McGowan v. Cox*, 2011 WL 13182863, at *2 (W.D. Tex. April 15, 2011). "[C]onsiderations such as whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification bear upon the Court's review of the motion for reconsideration." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009); *Okoro v. Pablos*, 2018 WL 2708757, at *2 (W.D. Tex. June 5, 2018) ("Having reviewed Plaintiff's filings, the Court sees no reason to disturb its previous order denying her motion….").

## III.  THE MOTION SHOULD BE DENIED ON SUBSTANTIVE GROUNDS

### A.  Courts Have the Power to Defer Ruling on Any 12(b) Motion Until Trial.

Lenovo argues that this Court must immediately rule on its motion to dismiss for improper service under Rule 12(b)(5) before jurisdictional discovery is completed. (Mot., at 5.) Lenovo claims that, "[i]n the absence of a ruling, service has not been established and the Court may not exercise power over the Lenovo Defendants." (*Id.*)

---

one seeking reconsideration of this Court's jurisdictional discovery orders, and American Patents responds in kind.

The Federal Rules of Civil Procedure provide otherwise. Rule 12(i) provides that "any defense listed in Rule 12(b)(1)-(7)—whether made in a pleading or by motion . . . must be heard and decided before *trial* unless the court orders a deferral until *trial*." Fed. R. Civ. Proc. 12(i) (emphasis added). In other words, "[t]he method and timetable for deciding a Rule 12(b) motion under Rule 12(d) [now Rule 12(i)][2] is left to the sole discretion of the trial judge who may defer that determination until trial." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1195 (6th Cir. 1988) (affirming district court's decision to defer challenge to subject matter jurisdiction until trial).[3] Rule 12(a)(4) further confirms the court's authority here; that rule governs when responsive pleadings are due when the court "postpones [a Rule 12 motion's] disposition until trial." Fed. R. Civ. Proc. 12(a)(4).

Under Rules 12(i) and 12(a)(4), this Court may sequence this case as it sees fit, and can defer deciding Lenovo's 12(b)(5) motion until trial if it chooses. So this Court certainly has the power to see jurisdictional discovery completed before it issues a pretrial ruling on that motion.

### B. Lenovo Cites No Authority That Supports Its Position.

None of the cases cited by Lenovo actually stands for the proposition that a court cannot proceed with discovery without ruling first on a motion for improper service. *See Ware v. Sailun Co.*, 2017 WL 570806, at *4 (N.D. Miss. Feb. 13, 2017) (movant "cites no authority for the proposition that a Court's ability to direct discovery requires sufficient service of process of a complaint"). It is clear even from Lenovo's own parenthetical descriptions that, in the cases it cites, the relevant discovery was determined to be unmerited or imprudent, not impermissible. (*See* Mot., at 4-5.)

---

[2] "Prior to the (non-substantive) 2007 amendments to the Rules, Rule 12(i) appeared as Rule 12(d)." *Branson v. Am. Int'l Indus.*, 2016 WL 3190222, at *4, n. 4 (M.D.N.C. June 7, 2016).

[3] *See also In re Sch. Asbestos Litig.*, 921 F.2d 1310, 1315 (3d Cir. 1990) ("clear authority of Rule 12(d)" permits a jurisdictional decision to be deferred until trial); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) ("Often, the determination of whether [jurisdiction] is met is resolved at trial along with the merits."); *David v. United States*, 1987 WL 9383, at *3 (S.D. Tex. Apr. 3, 1987) (deferring motion to dismiss until trial when issues in motion were extricably interwined with merits of case).

3

For instance, Lenovo omits a crucial part of the court's finding in *House v. S.P. Richards Corp.*, which did not reach the issue of personal jurisdiction in part because "that the issue ha[d] not been adequately presented." 2014 WL 427897, at *3 n.2 (S.D. Tex. Feb. 4, 2014). Lenovo likewise omits a key part of the decision in *Guidry v. Janssen Pharm., Inc.*, where the court denied plaintiff's request for jurisdictional discovery because "plaintiff has all but admitted her service upon [defendant] was insufficient." 206 F. Supp. 3d 1187, 1196 (E.D. La. 2016). In those cases, courts denied jurisdictional discovery for lack of evidence, *not* because they lacked the power to order discovery because another 12(b) motion had to be decided first.

Lenovo's cases actually stand for an entirely different principle—one that Lenovo's out-of-context quotations try to obscure. The cases that say a defendant must be properly served before the court can exercise "power" over that defendant relate to the power to issue a judgment, not the power to proceed with pretrial matters such as discovery. "Personal jurisdiction, [like subject matter jurisdiction], is 'an essential element of the jurisdiction of a district . . . court,' without which the court is 'powerless to proceed to an *adjudication*.' " *Pervasive Software Inc. v. Lexware GmbH & Co. KG,* 688 F.3d 214, 231–32 (5th Cir. 2012) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) (emphasis added); *Burnham v. Superior Court of California, Cty. of Marin*, 495 U.S. 604, 609 (1990) (personal jurisdiction refers to the lawful judicial authority to yield a *judgment*). But that the Court must affirmatively resolve whether service was proper before entering judgment against Lenovo says nothing about what pretrial discovery the Court may order Lenovo to provide.

### C. Courts May Order Discovery Before Ruling on Rule 12(b)(5) Motions.

To put an even finer point on it, courts not only have the power to defer ruling on a 12(b)(5) motion until trial, but they specifically may order jurisdictional discovery in the meantime. *Walk Haydel*, *supra*, 517 F.3d at 241 ("When the defendant disputes the factual bases for jurisdiction . . . the court may receive interrogatories, depositions, or any combination of the recognized methods of discovery to help it resolve the jurisdictional issue.") (cites omitted); *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir. 1982) ("When a defendant challenges personal

4

jurisdiction, courts generally permit depositions confined to the issues raised in the motion to dismiss.) In fact, the Fifth Circuit has held that it "will not hesitate to reverse a dismissal for lack of personal jurisdiction, on the ground that the plaintiff was improperly denied discovery." *Id*.

Similarly, when a motion for improper service raises factual disputes, courts routinely order discovery and hearings to resolve those disputes. For instance, in *Jim Fox Enterprises, Inc. v. Air France*, 664 F.2d 63, 65 (5th Cir. 1981), the trial court dismissed the case for insufficient service, and the appellate court reversed. It held that plaintiff should be allowed to effectuate service through other means and, meanwhile, "[o]bviously, full discovery by interrogatories, requests for admissions, and pretrial depositions is to be permitted to establish judicially all relevant facts." *Id*. Likewise, in *Blair v. City of Worcester*, 522 F.3d 105 (1st Cir. 2008), plaintiff sought limited discovery to prove that service was sufficient, which the district court denied. The appellate court held that, given the "persistent factual uncertainty" regarding sufficiency of service, "the district court abused its discretion by dismissing the action without first permitting limited discovery and holding an evidentiary hearing." *Id*. at 114.[4]

So contrary to Lenovo's argument, courts can, and *should*, permit discovery to resolve factual disputes regarding jurisdiction and service. Here, a factual dispute exists that goes to both issues. Substituted service in Texas is permitted when a defendant "engages in business" in the state, which may be evaluated using a personal jurisdiction analysis. Lenovo even raised a lack of personal jurisdiction as a reason why substituted service was improper! (Mot., at 7-8.) The jurisdictional discovery ordered by the Court thus goes directly towards whether Lenovo's contacts support personal jurisdiction *and* substituted service.

---

[4] *See also Baker Hughes Inc. v. Homa*, 2012 WL 1551727, at *13 (S.D. Tex. Apr. 30, 2012) (ordering jurisdictional discovery to determine whether both whether service through the Texas Secretary of State was proper, and to determine which defendants took the actions that were asserted as the basis for personal jurisdiction); *Chanel, Inc. v. The Individual, P'ship, or Unicorporated Associationn* [sic], 2014 WL 12605584, at *1 (S.D. Tex. Oct. 17, 2014) (granting leave for expedited discovery to serve defendants).

### D. The Order Granting Jurisdictional Discovery Is Not Futile or Overbroad.

Lenovo claims that this Court's jurisdictional discovery was "futile and overbroad"—a "manifest error." (*See* Mot., at 4.) But a court's power to order jurisdictional discovery is broad. *Wyatt, supra*, 686 F.2d at 283 (courts have "broad discretion in all discovery matters"). And the jurisdictional discovery ordered by this Court was specific, relevant, and necessary.

Lenovo's futility argument is grounded in a fundamental misstatement of the law. Lenovo declares, astoundingly, that "[e]ven if some foreign Lenovo entity manufactures the accused products, designs them, sells them to Lenovo U.S., or ships or exports them to the U.S., that is insufficient to establish jurisdiction over such entity." (Mot., at 6.) This is patently incorrect. The Federal Circuit has held that even where "the foreign manufacturer ha[s] no license for doing business in the forum, no assets, employees, or agents for service of process in the forum, and no direct sales in the forum . . . exercise of jurisdiction [is] proper [where] the manufacturer purposefully shipped products through an established distribution channel with the expectation that those products would be sold in the forum." *Nuance Communications, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1233 (Fed. Cir. 2010).[5] Further, as the parties have briefed, service on the Texas Secretary of State is permitted when a defendant's contacts with the state are sufficient to exercise jurisdiction over it. The ordered discovery is relevant to both issues.

Further, the Court tailored jurisdictional discovery after hearing Lenovo's concerns and arguments during oral argument. The Court *twice* addressed Lenovo's concerns about discovery being a "fishing expedition." (Thompson Decl., Ex. A [Redacted May 30 Hearing Tr.], at 44:14-19; Ex. B [June 21 Hearing Tr.], at 20:19-23:23.) The Court's order is specifically directed to the two named Lenovo entities, and Lenovo admitted that the order was sufficiently specific. (*Id*., Ex. B [June 21 Hearing Tr.], at 9:17 ["[S]pecificity is not the issue."].) At the same time,

---

[5] Whether this Court has stream of commerce jurisdiction over Lenovo, as argued by Lenovo on pages 7-8 of its reconsideration motion, has been extensively briefed already by the parties. None of the new, non-binding stream of commerce cases that Lenovo cites issued after prior briefing was complete. Nor do they actually support the points for which Lenovo cites them.

the Court recognized that those entities may not baldly deny that they manufacture the products without pointing to the specific Lenovo subsidiary that does. (*Id*. at 28:2-10.) This discovery is not futile or overbroad. Rather, it fairly requires the party with relevant, material knowledge to disclose it—instead of forcing American Patents to disprove a negative in a vacuum.

## IV. THE MOTION SHOULD BE DENIED ON PROCEDURAL GROUNDS

### A. The Motion Raises New Arguments That Have Been Waived.

Lenovo moved to dismiss for insufficient service and lack of personal jurisdiction on January 31, 2019, and, as it points out, the motion was "fully briefed." (Mot., at 2.) The Court twice heard oral argument on these matters, on May 30 and June 21. Despite having every chance to raise them earlier, Lenovo now makes at least two entirely new arguments in this reconsideration motion. But arguments like these that could have been brought in previous briefing and before the Court's orders "are not properly raised for the first time in a motion for reconsideration." *MacGowan, supra,* 2011 WL 13182863, at *2; *Charalambopoulos v. Grammer,* 2016 WL 5942225, at *3 (N.D. Tex. Oct. 13, 2016) (denying Rule 54(b) motion based on new arguments, stating, "[t]he court will not now consider arguments that Charalambopoulos previously had available to him but inexplicably failed to assert"). By failing to raise these arguments in its initial briefs, Lenovo has waived them.

Lenovo for the first time argues that this Court does not have the power to order jurisdictional discovery until it first determines whether service was sufficient. This argument is not based on any new fact or change of law; there is no reason Lenovo could not have raised it earlier. Similarly, Lenovo states for the first time—and in a near 180-degree flip from its previous position—that "at most" North Carolina and the "West Coast" are forums where personal jurisdiction *may* exist over a foreign Lenovo company, making Rule 4(k)(2) inapplicable.[6] (Mot., at 8-9.) Yet when American Patents pointed out that jurisdiction is proper

---

[6] Lenovo's qualified caveat—that "at most" these forums are proper places for it to be sued—is insufficient under Rule 4(k)(2). *See, e.g.*, Opp'n at 13-14 (citing cases requiring a foreign defendant to affirmatively show that it is subject to jurisdiction in some non-forum state). Even

7

based on nationwide contacts under Rule 4(k)(2) because Lenovo had identified no other state where the suit could proceed (*see* Dkt. 68, at 13-14), Lenovo refused to identify any forum. (Dkt. 75, at 6.)  Lenovo instead stated it has "no contacts with the U.S." that support jurisdiction. (*Id*.; *see* Thompson Decl., Ex. A [Redacted May 30 Hearing Tr.], at 22:4-8.)  Lenovo cannot now change its position simply because it does not like this Court's ruling on jurisdictional discovery.  These arguments have been waived.

Compounding Lenovo's waiver is the fact that this Court has ordered jurisdictional discovery even before its May 30 and June 21 orders.  This Court first ordered jurisdicitional discovery on March 12, when it found good cause to order Lenovo to be deposed on certain jurisdictional topics.  (Dkt. 79, at 1-2.) Lenovo presented Mr. Cranor as its 30(b)(6) designee, without objecting to the Court's power to require that discovery.  Now Lenovo says that it did not waive its jurisdictional defenses by doing so.  (Mot., at 6 n.5.)  But the issue is not whether Lenovo waived its jurisdictional defenses entirely.  The issue is whether Lenovo waived its argument that this Court lacks the power to order jurisdictional discovery.  Lenovo could have—but did not—raise that argument before Mr. Cranor's deposition, or at any other time before filing this motion.  That is textbook waiver.

Lenovo has also waived these defenses under the Federal Rules.  "Fed. R. Civ. P. 12(g) provides that a party who makes a motion under rule 12, but who 'omits therefrom any defense or objection then available to him which (rule 12) permits to be raised by motion,' may not thereafter 'make a motion based on the defense or objection so omitted.'"  *Golden v. Cox Furniture Mfg. Co. Inc.*, 683 F.2d 115, 118 (5th Cir. 1982) (quoting Rule 12(g)(2).)  "The penalty for failing to raise any of these defenses at this point is waiver." *Id*. (citation omitted); Fed. R. Civ. Proc. 12(h) (party who files a 12(b) motion without raising a defense listed in Rules 12(b)(1)-(5) waives it).  For instance, in *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909 (5th Cir. 1993), defendant moved to dismiss based on improper venue, but failed to

---

now, Lenovo cannot bring itself to make the admissions required to avoid Rule 4(k)(2)'s application.

object to venue based on forum clauses.  Defendant then filed a second motion to dismiss raising the forum clauses as a venue defense.  *Id*.  The court held that defendant "was precluded under Rule 12(g) from raising the objection in a second pretrial motion to dismiss.  *Id.* at 909-910.

The only difference between *Albany* and this case is that Lenovo has styled its second motion as one for "reconsideration," instead of as a second motion to dismiss.  But Lenovo's actions are effectively the same as the defendant's in *Albany*.  Lenovo moved to dismiss on jurisdictional grounds, objecting to any jurisdictional discovery.  It has now filed a second motion seeking dismissal on jurisdictional grounds and objecting to jurisdictional discovery, but for different reasons than in the first motion.  Rules 12(g) and (h) do not permit Lenovo to do so.

**B.    The Motion Improperly Rehashes Old Arguments.**

The remainder of Lenovo's motion rehashes the same arguments that it already made in its briefing and in argument before this Court.  The parties have spent page after page briefing the issues of whether service was proper, whether Lenovo is subject to this Court's jurisdiction, and whether jurisdictional discovery is warranted.  Lenovo argued many of these issues orally, and the Court addressed and tailored its jurisdictional discovery order in response to Lenovo's arguments.  Rehashing these arguments here, as Lenovo does, is a waste of time for American Patents and this Court, and the Court need not address them.  *Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, LP*, 2016 WL 7616713, at *5 (W.D. Tex. June 2, 2016) (where movant filed motion for reconsideration raising arguments previously raised in briefing, the court found it "need not address [those arguments] again").

**C.    Nothing Has Happened in the Case That Would Justify Reconsideration.**

Lenovo was ordered to produce documents to American Patents, after which American Patents would have three weeks to depose Lenovo's representatives.  Rather than comply with this Court's order, which would have assisted all parties in resolving the jurisdictional dispute, Lenovo did nothing for almost a month.  Now Lenovo seeks to further delay resolution of the jurisdictional dispute by improperly moving for reconsideration.  But as this Court has recognized, a court's discretion to reconsider its prior rulings "is exercised rarely to avoid the

perpetual reexamination of orders and the resulting burdens and delays." *Roberts v. Mnuchin*, 2017 WL 5147617, at *1 (W.D. Tex. Nov. 6, 2017) (cites omitted).  And nothing has happened since then that relates to reconsideration, other than Lenovo's refusal to comply with this Court's order.  *See Halprin*, *supra*, 2017 WL 9808438, at *2 (denying reconsideration where movants "point to no evolution in the case that would warrant reconsideration").

## V.   SANCTIONS AGAINST LENOVO ARE WARRANTED

A reasonable inquiry would have revealed there was no basis in law for Lenovo's motion. Rule 12(i) clearly contradicts Lenovo's main argument. And the motion raises only new arguments that could have been raised long ago, or old arguments that should not have been raised again.  Nor does Lenovo have any good excuse for its delay in filing this motion. Lenovo cannot wait over a month after the Court orders further jurisdictional discovery, and then use a reconsideration motion as an excuse to not provide that discovery.  *See Caraway v. Chesapeake Expl. LLC*, 269 F.R.D. 627, 628 (E.D. Tex. 2010) ("Such tactics, dredged up from the cesspool of "Rambo" litigation, cannot be countenanced.").  Lenovo should be sanctioned—or at least be made to show cause why it should not be sanctioned—for filing a frivolous motion for reconsideration.  *See Bluebonnet Telecommunications, LLC v. Sony Ericsson Mobile Commc'ns (USA) Inc.*, 2014 WL 12616685, at *1 (E.D. Tex. Apr. 8, 2014) (issuing show cause order).

Sanctions should include ordering Lenovo to pay American Patents' attorneys' fees in connection with this motion.  Other appropriate sanctions may include finding that Lenovo makes the accused products, imports them into the United States, and sells them to Lenovo U.S. for distribution nationwide, or even striking Lenovo's personal jurisdiction and improper service defenses entirely.  *See* Fed. R. Civ. P. 37(d)(2)(A), (C) (listing potential sanctions for failure to obey a discovery order).  Substantive sanctions would be especially justified if Lenovo fails to produce the required documents within a week of the Court's order denying this motion, as Lenovo should not be allowed to keep these issues hanging over the case indefinitely.

## VI.   CONCLUSION

For the reasons stated herein, the Court should deny Lenovo's motion.

10

Dated: July 31, 2019	Respectfully submitted,

*/s/ Larry D. Thompson, Jr.*
Matthew J. Antonelli (*admission pending*)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington (lead attorney)
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney (*admission pending*)
Texas Bar No. 24067819
ryan@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM
The People's Petroleum Building
102 North College Avenue, 13th Floor
Tyler, Texas 75702
(903) 593-7000
(903) 705-7369 fax

*Attorneys for American Patents LLC*

11