# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDIATEK INC., ET AL.,<br><br>    Defendants. | CIVIL ACTION NO. 6:18-cv-339<br><br>**JURY TRIAL DEMANDED** |

**AMERICAN PATENTS' REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF FORM PROTECTIVE ORDER AND OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR ENTRY OF DEFENDANTS' PROPOSED PROTECTIVE ORDER**

I.  **INTRODUCTION**

The Court should, consistent with its past practice, enter this District's standard form protective order. *See* Dkt. 138, Ex. A ("Appendix H"). It should also deny Defendants' cross-motion for entry of their proposed protective order, which amounts to thirty-five pages of one-sided, unduly restrictive provisions geared more towards disadvantaging Plaintiff than protecting Defendants. (For instance, despite claiming to be direct competitors, Defendants seek to impose a prosecution bar only against American Patents—not against one another. This is all the more surprising given that several Defendants share the ***same*** counsel and have engaged law firms with patent prosecution practices.)

But more fundamental than the illogical and unfair nature of Defendants' proposal is the complete lack of support for any of Defendants' proposed provisions. As the party seeking to impose more restrictive terms, Defendants had the burden to show good cause. But Defendants failed to even mention most of their proposed terms—let alone provide a factual basis showing them to be necessary. And, even for the few terms they did mention, Defendants provided no specific facts or justification that could amount to a showing of good cause.

Instead, Defendants' reasons for entering their proposed protective order amount to little more than the assertion that Defendants collaborated and agreed on their proposal, and there are five defendants versus one plaintiff; that American Patents would not agree with Defendants' proposed protective order; and that American Patents originally proposed that the parties adopt Judge Gilstrap's standard patent protective order. *See* Dkt. 140 at 2-4. These points do not remotely amount to good cause for adopting Defendants' proposed terms.

Finally, Defendants' characterization of the parties' negotiations is misleading. American Patents originally proposed Judge Gilstrap's standard protective order in good faith, as a starting point for further negotiations. That Defendants had apparently been privately conferring to put together their own one-sided proposal was neither within American Patents' knowledge or control, so to suggest that American Patents is somehow to blame for Defendants' decision to spend weeks putting together their own draft is simply false. And, once American

1

Patents did have a chance to review Defendants' one-sided proposal, it became clear that Defendants did not intend to negotiate reasonable, mutually-applicable terms in good faith. At that point, American Patents determined that this Court's standard protective order adequately meets the needs of all parties without lopsided application of restrictions to only a single side. American Patents made clear that it was willing to discuss modifications to the Court's standard order. But Defendants refused, and even informed counsel of their belief that Defendants have no obligation to show good cause. As a result of Defendants' refusal to engage, American Patents was forced to file its motion.

## II.   ARGUMENT

### A.   Good Cause Exists To Enter American Patents' Proposed Protective Order

There is no dispute that good cause exists to enter a protective order. Nor do Defendants genuinely dispute that any of the protections in this Court's standard protective order, Appendix H to Local Rule CV-26(c), should be entered. Although Defendants propose to add several *additional* (and unjustified) restrictions, they do not argue that any term in Appendix H is improperly drafted or overly restrictive. Nor do they provide any factual basis for imposing additional restrictions to the Court's standard protective order.

Thus, good cause exists for entering Appendix H now, and the Court should grant American Patents' motion for protective order. *See YETI Coolers, LLC v. JDS Indus., Inc.*, No. 1:17-cv-424 RP, Dkt. 90, Order at 2 (W.D. Tex. Oct. 27, 2017) ("[T]he Court sees no reason why the terms of the already-approved protective order . . . , is not adequate to handle the matters in this case.") (attached as Ex. B); *MiMedx Grp., Inc. v. Tissue Transplant Tech., Ltd.*, No. SA-14-CA-719, 2014 WL 12634550, at *1-2 (W.D. Tex. Oct. 31, 2014) (granting motion for entry of W.D. Texas standard protective order and rejecting proposed additional restrictions including a prosecution bar, restrictions about potential experts, and limits on number of party employees with access to confidential information). To the extent a future need arises and is supported by the factual circumstances, the parties may agree to additional terms at the appropriate time.

### B. Defendants Have Not Shown Good Cause For Entry Of Their Proposed Protective Order

On the other hand, there is not good cause to enter Defendants' proposed protective order, and the Court should deny Defendants' cross-motion. Defendants' proposal is one-sided and unjustifiable.

Defendants' proposed protective order is "more restrictive than the standard protective order, so the burden of establishing good cause falls on the[m]." *MiMedx Group*, 2014 WL 12634550, at *2; *see also In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). "To show good cause, '[t]he burden is upon the movant to show the necessity of its issuance, **which contemplates a particular and specific demonstration of fact** as distinguished from stereotyped and conclusory statements.'" *MiMedx Group*, 2014 WL 12634550, at *2 (quoting *United States v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)) (emphasis added).

But Defendants do not even attempt to make the required showing for the majority of their thirty-five page proposal.[1] And, of the few provisions Defendants do mention—the prosecution bar, source code provisions, and restrictions about depositions—Defendants provide no factual basis to support a need for their proposed language. Defendants fall far short of showing good cause for their proposed protective order.

#### 1. *One-Sided Prosecution Bar*

Defendants' proposed "prosecution bar" applies only to American Patents. But Defendants have not shown—and cannot show—that *any* prosecution bar for American Patents' counsel is appropriate, let alone the one-way prosecution bar they propose.

The Federal Circuit has recognized that the risk of inadvertent, innocent use of a party's confidential information may, in narrow circumstances, justify a prosecution bar. *See id.* at 1378-81. But it has also cautioned that courts should enter a prosecution bar only when the nature of the prosecution activities engaged in by counsel is substantial enough that the risk of inadvertent, innocent use of a competitor's confidential information warrants imposing a bar.

---

[1] By way of contrast, the Court's standard protective order is fewer than ten pages.

*See id.* at 1370-80.  And courts "must balance this risk against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *Id.* at 1380.  Because American Patents' outside counsel focus their practice on patent litigation, and have (and intend to have) little if any involvement in prosecution, the risks that would warrant imposing a prosecution bar are not present.  *See, e.g.*, *Velocity Patent, LLC v. Audi of Am., Inc.*, No. 13-cv-8418, 2015 WL 294849, at *1 (N.D. Ill. Jan. 21, 2015); *Chiesi USA, Inc. v. Sandoz Inc.*, 41 F. Supp. 3d 417, 425-26 (D.N.J. 2014).

Further, Defendants provide zero justification for their proposed prosecution bar.  For example, Defendants have neither "provided any evidence about what technical information is at risk for misappropriation" through patent prosecution by American Patents' counsel nor "identified what elements of its commercially available products are still confidential and not subject to reverse engineering." *Fontem Ventures B.V. v. R.J. Reynolds Vapor Co.*, 1:16-CV-1255, 2017 WL 2266868, at *4 (M.D.N.C. May 23, 2017); *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS, 2016 WL 3129215, at *2, 4 (N.D. Cal. June 2, 2016) (noting that a patent prosecution bar is not necessary for commercially available products whose designs are available in patents or through reverse engineering).  All Defendants have offered are "general assertions with no support, which are insufficient to make the specific showing of harm or prejudice necessary to justify a patent prosecution bar." *Fontem Ventures*, 2017 WL 2266868, at *4 (rejecting prosecution bar).

Defendants' main argument is that American Patents originally proposed adopting Judge Gilstrap's (E.D. Tex.) standard protective order, which contains a prosecution bar.  But Judge Gilstrap's model order looks nothing like Defendants' proposal.  To highlight just a few differences:

**1.** Defendants propose expanding the application beyond the parties in this case, or their acquirers, successors, predecessors, or other affiliates.  *Compare* Dkt. 140, Ex. B ¶ 11, *with* Dkt. 140, Ex. A ¶ 9(a).  The bar in Judge Gilstrap's standard order applies to preparation or prosecution performed on behalf of the receiving party (or its affiliates, etc.).  But Defendants

4

propose that the bar apply to prosecution work done for anybody, even if wholly unrelated to this case and the parties. This goes beyond the scope of protections contemplated by the Federal Circuit. *See Deutsche Bank*, 605 F.3d at 1379 ("The concern over inadvertent disclosure manifests itself in patent infringement cases **when trial counsel also represents the same client** in prosecuting patent applications before the PTO.") (emphasis added).

**2.** Defendants propose that the technical scope of the prosecution bar be expanded from prosecution "pertaining to the field of the inventions of the patents-in-suit" to also cover any prosecution "involving claims relating to the information disclosed in the HIGHLY CONFIDENTIAL MATERIAL or the subject matter disclosed in the Asserted Patents in this Litigation." That would mean the bar would cover any subject matter addressed in any confidential document produced by Defendants. That is not only unreasonably broad, but it is also impossibly vague, as it would require determining what claims actually relate to every bit of information disclosed in Defendants' production—which in a patent case could be hundreds of thousands of pages or more.

**3.** Defendants propose extending the length of the prosecution bar from one to two years after completion of this case. Defendants have articulated no reason this case would require more than a one-year bar.

**4.** Defendants propose expanding the scope of "preparation or prosecution of any patent application" to instead bar "the preparation or amendment of patent specifications or claims, or advice or counseling regarding the same, in any patent application or patent in the United States or elsewhere." This is clearly intended to include claim amendments in post-grant proceedings, including IPRs. American Patents' litigation counsel would be primarily, if not solely, responsible for defending any post-grant proceeding filed by Defendants. So Defendants' proposed bar attempts to interfere in American Patents' "right to have the benefit of counsel of its choice" in such matters. *See Deutsche Bank*, 605 F.3d at 1380. Indeed, this Court has denied a motion for entry of a protective order containing a prosecution bar when, as here, the bar "would appear to prevent [Plaintiff's] sole litigation counsel in this case from representing

5

[Plaintiff] in the reexamination proceedings [Defendants] is pursuing as a direct result of this case." *e-Watch, Inc. v. Mobotix Corp.*, No. 5:12-cv-492-FB-PMA, 2013 WL 12091169, at *6 (W.D. Tex. July 15, 2013).

Likewise, other courts have recognized there is little risk involved with having litigation counsel be involved in post-grant proceedings, given that claims can only be narrowed during reexamination/IPR (and even then, only if supported by the original patent specifications). *See, e.g.*, *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-980-JRG, Dkt. 66, Order at 3-4 (E.D. Tex. Apr. 5, 2017) (denying motion to restrict plaintiff's experts from participating in post-grant proceedings) (attached hereto as Ex. C); *Document Generation Corp. v. Allscripts, LLC*, No. 6:08-cv-479, 2009 WL 1766096, at *2-3 (E.D. Tex. June 23, 2009) (allowing litigation counsel to participate in reexamination proceedings, including claim amendments); *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184-85 (D. Del. 2010) ("Defendants' confidential information is 'basically irrelevant'" in reexamination proceedings); *NeXedge, LLC v. Freescale Semiconductor, Inc.*, 820 F. Supp. 2d 1040, 1043-45 (D. Ariz. 2011) (denying entry of prosecution bar that would have included reexamination proceedings); *Mirror Worlds, LLC v. Apple, Inc.*, No. 6:08-cv-88, 2009 WL 2461808, at *1-2 (refusing to bar plaintiff's litigation counsel from participating in reexamination proceedings and expressing "serious concerns about a policy that would encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defend a patent in two separate venues with two teams of attorneys").

So a prosecution bar is unnecessary, and Defendants have not shown otherwise. But, without question, any prosecution bar must apply equally to both sides. After all, American Patents will be producing confidential information as well, and it very likely will need to rely on the confidential information of third parties. To that effect, American Patents originally proposed Judge Gilstrap's standard protective order, which contains a two-sided bar. However, after it became clear Defendants were not interested in restricting their own activities—despite claiming to be direct competitors—American Patents proposed Appendix H, which fairly

includes no bar as to either side. American Patents strongly suspects that Defendants, many of whose counsel work at large firms with patent prosecution practices, would not agree to be bound by their own proposed terms.

2. **Source Code**

Defendants fail to provide good cause for including any provision governing the production of source code. As an initial matter, Defendants have not even stated that they have any relevant source code to produce, or that they intend to produce any. Thus, there is no justification for including any provision at all relating to source code.

And, as Defendants acknowledge, some (if not all) source code relevant to the patents-in-suit is likely to come from a third party, ARM Ltd. *See* Dkt. 140 at 8 n.6. But Defendants provide no factual evidence—or even argument—that ARM restricts access to its source code at all, let alone only allows review under conditions equivalent to the stringent provisions that Defendants include in their proposed protective order. Defendants thus have not shown good cause for including a source code provision in the protective order.[2]

In contrast, this Court's model protective order, Appendix H, contains protections applicable to source code and that are appropriate given the current lack of factual development. Appendix H includes a designation for "Ultrasensitive Information," which provides that, "in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information." Dkt. 138, Ex. A at ¶ 3(d). This is a sufficient and appropriate protection at this stage, when it is unknown whether any Defendant or third party will be producing source code at all (much less "ultrasensitive" source code) and, if so, what

---

[2] Because Defendants have not even attempted to meet their burden, American Patents does not delve into the details of Defendants' proposed source code provisions, which span over eight pages and are overbroad and unduly restrictive. As just one example, Defendants propose to restrict both "Source Code" and "Chip-Level Schematics," as defined by Defendants, not just source code. And Defendants define these terms so broadly as to potentially include nearly anything relating to the accused products, including hardware! *See* Dkt. 140, Ex. A at ¶ 2(f)-(g).

7

protections may eventually be needed.[3]  *See e-Watch*, 2013 WL 12091169, at *6 (denying defendant's motion for entry of protective order containing source code provisions).

### 3. *Depositions*

Finally, Defendants assert that their proposed protective order addresses a need to exclude officers or employees of other Defendants from a deposition in which one Defendant's "Confidential Information" is disclosed. Dkt. 140 at 7.

This is a non-issue, because Appendix H contains this very protection. As defined in Appendix H, "Classified Information" includes any information that is designated as "Confidential," "For Counsel Only," or "Attorneys Eyes Only." Dkt. 138, Ex. A at ¶ 1. Thus, "Classified Information" includes both the categories of confidential and the more-sensitive outside counsel / attorneys' eyes only designations. Appendix H then addresses the process for designating depositions in Paragraph 6. It explicitly provides that "Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order[.]" *Id.* ¶ 6. This directly addresses Defendants' concern. Defendants provide no factual basis or justification for including any additional restrictions about depositions.

### 4. *Remaining Provisions*

Defendants do not even try to establish good cause for the remaining provisions of their proposed protective order. As just one example, Defendants' cross-motion does not mention— let alone attempt to justify—their proposed "patent acquisition bar" and "development bar" provisions. These unilateral restrictions are even more unreasonable than Defendants' proposed

---

[3] In the event the Court were to find it necessary to include any source code provision beyond the protections of Appendix H, the Court should adopt Judge Gilstrap's standard protective order. As with the prosecution bar, Defendants claim that American Patents should be fine with their source code provisions because Judge Gilstrap's standard order also contains source code provisions—as if all source code provisions are the same. But Defendants omit any mention of the vast differences between their proposal and Judge Gilstrap's standard order. Defendants have provided no facts showing a need to exceed the protections contained in Judge Gilstrap's standard protective order.

prosecution bar, particularly when it is Defendants (not Plaintiff) who claim to be direct competitors of one another, and the bars do not apply to them.  So Defendants obviously have not shown good cause for including these restrictive provisions either, or for any other provisions of their protective order that are not mentioned in their cross-motion.  Nor should they be permitted to make new good-cause arguments for the first time on reply.  *See Gillaspy v. Dallas Indep. Sch. Dist.*, 278 Fed. Appx. 307, 315 (5th Cir. 2008) ("It is the practice of this court and the district courts to refuse to consider arguments raised for the first time in reply briefs."); *Saint Lawrence Comms. LLC v. Apple Inc.*, No. 2:16-cv-82-JRG, 2017 WL 3712153, at *4 n.4 (E.D. Tex. Feb. 6, 2017) ("Arguments raised for the first time in a reply brief … are waived.") Defendants thus have not met their burden, and their cross-motion should be denied.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant American Patents' motion for entry of the Court's standard form protective order, and should deny Defendants' cross-motion.

Dated:  August 23, 2019

Respectfully submitted,

*/s/ Larry D. Thompson, Jr.*
Matthew J. Antonelli (*admission pending*)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington (lead attorney)
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney (*admission pending*)
Texas Bar No. 24067819
ryan@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450

    Houston, TX 77006
    (713) 581-3000

    Stafford Davis
    State Bar No. 24054605
    sdavis@stafforddavisfirm.com
    Catherine Bartles
    Texas Bar No. 24104849
    cbartles@stafforddavisfirm.com
    THE STAFFORD DAVIS FIRM
    The People's Petroleum Building
    102 North College Avenue, 13th Floor
    Tyler, Texas 75702
    (903) 593-7000
    (903) 705-7369 fax

    *Attorneys for American Patents LLC*