# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| AMERICAN PATENTS LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>MEDIATEK INC., ET AL.,<br><br>  Defendants. | CIVIL ACTION NO. 6:18-CV-339-ADA<br><br>**JURY TRIAL DEMANDED** |

## AMERICAN PATENTS' RESPONSE TO LENOVO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (DKT. 151)

On September 16, Lenovo filed a Notice of Supplemental Authority (Dkt. 151) directing this Court to an August 22 Report and Recommendation from Delaware in *3G Licensing* ("Delaware R&R"). But the Delaware R&R was based on a substantially different record than the one in this case, and should not affect this Court's decision to grant jurisdictional discovery.

I.   **The Delaware R&R Relied on Very Different Evidence Than Is Present Here.**

Like in this case, plaintiffs in *3G Licensing* submitted Lenovo Group's Annual Report as evidence that it manufactures and distributes accused products throughout the United States. The Delaware R&R determined that, based on the Annual Report alone, plaintiffs would have made a *prima facie* showing of personal jurisdiction under the stream of commerce theory. [Dkt. 151-1, at 10.] The court, however, then relied heavily on statements in two declarations of Kurt Cranor to ultimately conclude that plaintiffs had not made a *prima facie* case.[1] But the record in the Delaware R&R was fundamentally different than the one in this action for at least three reasons.

*First*, in this case and in *3G Licensing*, plaintiffs alleged that Lenovo Group manufactures infringing products overseas. The court in *3G Licensing* rejected those allegations based on Mr. Cranor's statement that Lenovo Group " 'does not develop, manufacture, sell, distribute, or export any products' at all." [Dkt. 151-1, at 11.] But Mr. Cranor never made such a sweeping declaration in this case. Rather, in this case, Mr. Cranor stated merely that Lenovo Group does not manufacture products "in the United States." [Dkt. 44-2 at ¶ 4.]

Unlike in *3G Licensing*, American Patents then had the benefit of deposing Mr. Cranor, which revealed that he actually had no personal knowledge about whether Lenovo Group makes products *at all*, much less whether it does so overseas. [Dkt. 96, at 5.] Thus, in this action, American Patents' allegations and evidence that Lenovo Group manufactures the alleged products *overseas* were never rebutted with competent evidence from Mr. Cranor.

*Second*, the Delaware R&R relied on Mr. Cranor's statement that Lenovo Group was a holding company that "has no operations." [Dkt. 151-1, at 11.] Again, Mr. Cranor never made

---

[1] Mr. Cranor is an Executive Director of Lenovo (United States), which was a defendant in *3G Licensing* but not in this action.

1

such a sweeping statement in this case. [Dkt. 44-2.] Rather, he asserted that Lenovo Group did not have operations *in the United States*. American Patents rebutted that statement, providing evidence that Lenovo Group maintains employees in the United States and advertises that it maintains an "Operational Center" in North Carolina. [Dkt. 68, at 2; Dkt. 96, at 12-14.] American Patents also produced ample evidence that Lenovo Group also has "operations" overseas. [Dkt. 96, at 6-9, 11, 13, 15.]

*Third*, the Delaware R&R credited Mr. Cranor's statement that Lenovo Group's U.S. subsidiaries were "responsible for all U.S. activities related to the accused products, including importing, pricing, and selling the accused products in the United States." [Dkt. 151-1, at 11.] Lenovo Shanghai, however, was not a defendant in *3G Licensing*. American Patents submitted evidence that Lenovo Shanghai, a foreign subsidiary of Lenovo Group, ships computer products into the U.S. and facilitates U.S. sales by registering for FCC and UL certifications. [Dkt. 96, at 7-9.] This evidence was unrebutted by competent testimony from Mr. Cranor.

Thus, the Delaware R&R was based almost exclusively on statements by Mr. Cranor that were either not made in this case, disavowed in his deposition, or rebutted by American Patents. Further, the Delaware plaintiffs relied almost exclusively on the Annual Report and their complaint to assert personal jurisdiction. [Dkt. 151-1, at 14-15.] That very limited record is a far cry from the evidence of stream of commerce jurisdiction submitted by American Patents, evidence that includes: 1) the deposition of Mr. Cranor; 2) Lenovo Group's website and related evidence showing its United States "headquarters" and job listings; 3) Bloomberg and LinkedIn pages showing Lenovo Group executives working in the United States; 4) import records showing Lenovo Shanghai as the importer to the United States; and 5) UL certifications for accused products showing Lenovo Shanghai as the registrant.

## II.     The Delaware R&R Misapplied the Jurisdictional Discovery Standard.

The Delaware R&R's decision to deny jurisdictional discovery should not affect this Court's decision granting it for at least one key reason: the Delaware R&R misapplied the jurisdictional discovery standard. It framed that standard as "can a plaintiff be entitled to

jurisdictional discovery if it has not made a *prima facie* showing of personal jurisdiction," and concluded that "the answer is 'no.'" [Dkt. 151-1, at 17.] But if a plaintiff has made a *prima facie* showing of jurisdiction, why would it need jurisdictional discovery? As one court explained, there is "good reason for not requiring a plaintiff to establish a *prima facie* case of personal jurisdiction in order for there to be jurisdictional discovery," as "it would be wholly counterintuitive to require a plaintiff, *prior to* conducting discovery, to meet the same burden that would be required in order to defeat a motion to dismiss." *Blessey Marine Servs., Inc. v. Jeffboat, LLC*, 2011 WL 651999, at *7 (E.D. La. Feb. 10, 2011) (internal quotation omitted).

Indeed, the jurisdictional discovery standard in both the Third and Fifth Circuits is far lower than the *prima facie* standard. Third Circuit law holds that "[w]here the plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden." *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983). Further, "jurisdictional discovery [is] particularly appropriate where the defendant is a corporation." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009). The Fifth Circuit similarly sets a low bar to obtain jurisdictional discovery, holding that "a plaintiff need only to present 'factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts,'" (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005), "or to otherwise show that jurisdictional discovery would not be wholly futile." *Blessey Marine Servs.*, *supra*, 2011 WL 651999, at *6 (citing *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)). This Court properly applied the standard when it granted jurisdictional discovery here.[2]

---

[2] American Patents also identified additional jurisdictional facts that could be uncovered through jurisdictional discovery. [Dkt. 96, at 17-18.] This Court twice heard argument about the scope of that discovery, and tailored it after hearing Lenovo's concerns. [See Dkt. 135, at 6-7.] By contrast, the Delaware plaintiffs failed to identify any additional jurisdictional facts that could cure their complaint. [Dkt. 151-1, at 18 n. 7.]

3

Dated: September 19, 2019    Respectfully submitted,

/s/ Larry D. Thompson, Jr.
Matthew J. Antonelli (*admission pending*)
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington (lead attorney)
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Christopher Ryan Pinckney (*admission pending*)
Texas Bar No. 24067819
ryan@ahtlawfirm.com
Michael D. Ellis
Texas Bar No. 24081586
michael@ahtlawfirm.com

ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

Stafford Davis
State Bar No. 24054605
sdavis@stafforddavisfirm.com
Catherine Bartles
Texas Bar No. 24104849
cbartles@stafforddavisfirm.com
THE STAFFORD DAVIS FIRM
The People's Petroleum Building
102 North College Avenue, 13th Floor
Tyler, Texas 75702
(903) 593-7000
(903) 705-7369 fax

*Attorneys for American Patents LLC*

4