IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| AMERICAN PATENTS LLC,<br>   *Plaintiff* | §<br>§<br>§ | |
| -v- | §<br>§<br>§ | |
| MEDIATEK, INC., MEDIATEK USA INC., BROADCOM PTE. LTD., LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO GROUP LTD., NXP SEMICONDUCTORS N.V., NXP B.V., NXP USA, INC., QUALCOMM INCORPORATED, QUALCOMM TECHNOLOGIES, INC., BROADCOM CORPORATION,<br>   *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | W-18-CV-00339-ADA |

**ORDER DENYING LENOVO'S MOTION FOR
PROTECTIVE ORDER, RECONSIDERATION, AND STAY**

Before the Court is Lenovo (Shanghai) Electronics Technology Co. and Lenovo Group Ltd.'s (collectively hereinafter "Lenovo") motion for protective order, reconsideration, and stay, filed on July 19, 2019. ECF No. 128. Plaintiff American Patents filed its response on July 31, 2019. ECF No. 135. Lenovo replied on August 14, 2019. ECF No. 139. For the reasons described below, the Court **DENIES** Lenovo's motion and **ORDERS** that jurisdictional discovery be completed on or before October 4, 2019.

  **I.**  **Background**

Lenovo filed its original motion to dismiss for improper service of process, lack of personal jurisdiction, and improper venue on January 31, 2019. ECF No. 44. American Patents filed its response on February 14, 2019. ECF No. 68. Lenovo filed its reply on March 7, 2019. ECF No. 75.

But on April 22, 2019, American Patents filed a "supplemental" response. ECF No. 96. Lenovo responded to that supplemental brief on April 30, 2019. ECF No. 102. American Patents replied on May 8, 2019. ECF No. 106. Lenovo responded on May 17, 2019. ECF No. 108.

The Court then held two hearings on this series of briefs, first on May 30, 2019 and then again on June 21, 2019. At both hearings, the Court ordered jurisdictional discovery with respect to Lenovo. May 30, 2019 Hrg. Tr. at 42:9-48:9, June 21, 2019 Hrg. Tr. at 26:8-27:5. More specifically, in the June 21, 2019 hearing, the Court specifically ordered that Lenovo produce relevant documents to American Patents within three weeks of June 21, 2019 and American Patents take the deposition of Lenovo's corporate representative within three weeks after the document production, barring emergency circumstances. June 21, 2019 Hrg. Tr. at 26:8-27:5 ("I will order that the deposition take place within three weeks after the counsel for Lenovo get the documents that I've required be produced to plaintiff's counsel and verify that that's all the documents that plaintiff's counsel need pursuant to my order. So … when Lenovo's counsel sends to plaintiff's counsel the documents and says, here's everything that we were ordered by the Court to produce to prepare our corporate representative for your deposition, the plaintiffs are on the clock to get the depo[sition] done within three weeks.").

After the June hearing, Lenovo waited 28 days—the maximum amount of time allowed for a Rule 54(b) motion in the Fifth Circuit—before filing its motion for reconsideration. *See, e.g.*, *Gomez v. Loomis Armored US LLC*, No. 5:16-cv-931-DAE, 2018 WL 6265114, at *2 (W.D. Tex. Aug. 17, 2018) ("But the general practice of courts in this Circuit has been to evaluate Rule 54(b) motions under the same standard that governs Rule 59(e) motions when it is filed within 28 days from the date of the interlocutory order.").

**II.     Legal Standard**

Under Rule 54(b), a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Rule 54(b) motions, however, are not the proper vehicle for rehashing evidence, legal theories, or arguments. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, they "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). And while a district court has broad power to reconsider its orders, "it is exercised rarely to avoid the perpetual reexamination of orders and the resulting burdens and delays." *Iturralde v. Shaw Grp., Inc.*, No. CIV.A. 05-330, 2012 WL 1565356, at *3 (M.D. La. May 1, 2012) (citations omitted), *aff'd*, 512 Fed. Appx. 430 (5th Cir. 2013).

**III.   Analysis**

Lenovo makes four arguments in its motion. First, Lenovo argues that a Court cannot order discovery from the Lenovo Defendants as they have not been served. ECF No. 128 at 4-5. Second, Lenovo argues that jurisdictional discovery is futile. *Id.* at 6-9. Third, Lenovo argues that the ordered jurisdictional discovery will not show jurisdiction over the named Lenovo defendants. *Id.* at 9. Fourth, Lenovo argues that the case should be stayed pending the Court's rulings on service and jurisdiction, and any appeals therefrom. *Id.* at 10. The Court has reviewed each argument in the context of a Rule 54(b) motion.

As to Lenovo's first argument, the Court finds that it is either a variation of the argument it made in its original and subsequent briefs (ECF Nos. 44, 75, 102, and 108) or it is a new argument. If it is a new argument, Lenovo has waived it by failing to raise it in another of their four previous briefs. *McGowan v. Cox*, No. A–11–CA–022–SS, 2011 WL 13182863, at *2 (W.D.

Tex. Apr. 15, 2011). If it is an old argument, Lenovo has not raised any facts or law that would justify the "rare" exercise of the Court's inherent power. *Iturralde*, 2012 WL 1565356 at *3.

The Court also finds Lenovo's second argument is either a previously raised old argument or a waived new argument. Lenovo's third argument is also either a previously raised old argument or a waived new argument, but with the added twist of mischaracterizing the Court's clear order. More specifically, Lenovo argues that "The Court ordered discovery regarding *which* unnamed Lenovo entity manufactures, sells, designs, imports, or exports the accused products, but this 'casts too wide and vague a net.' Jurisdictional discovery into a nonparty's activity is an impermissible 'fishing expedition.'" ECF No. 128 at 9 (citations omitted). Not only did the Court say nothing of the sort, the Court, in fact, said the exact opposite. May 30, 2019 Hrg. Tr. 44:11-19 (Ms. Yip: "And if you look at the way that jurisdictional discovery is ordered in the cases, all the cases that I've seen order jurisdictional discovery about the named defendants. And there are cases out there that say that jurisdictional discovery should not be used as a means for a fishing expedition." Court: "No. No. Let me assure you that's what I'm--I would be limiting the discovery to the named defendants. I get that."); June 21, 2019 Hrg. Tr. (Ms. Yip: "[O]ne thing that we would like to clarify -- … is whether or not what Your Honor is ordering is that <u>the investigation into manufacturing, sales, designing, shipping, importing or exporting is with respect to whether the two named entities do those things</u> –" Court: "Correct." Ms. Yip: "-- with respect to the 75 accused products. Is that correct?" Court: "Yes, ma'am. Thank you for clarifying that. That's exactly what I mean.") (emphasis added). Despite Lenovo's attempt to reframe the argument, the Court clearly did not authorize a "fishing expedition" to determine the correct Lenovo entity to sue, but rather limited the jurisdictional discovery to determining whether the <u>named</u> Lenovo entities perform any infringing action.

Lenovo's fourth argument is also an old one.  More specifically, Lenovo has already filed a motion to sever-and-stay (ECF No. 82), which the Court has taken under advisement.

Because Lenovo's four arguments are either recycled old arguments or waived new ones, the Court finds that this is not one of those "rare" situations where the Court should exercise its inherent power.  *Iturralde*, 2012 WL 1565356 at *3.

Finally, Lenovo's conduct concerns the Court.  On this single issue alone, Lenovo has filed six briefs (ECF Nos. 44, 75, 102, 108, 128, and 139) comprising over 60 pages of briefing and made arguments at two separate hearings over a seven-month period.[1]  And yet, no progress has been made on establishing whether this Court has jurisdiction over Lenovo.  Meanwhile, Lenovo has done "nothing" to comply with the Court's jurisdictional discovery orders.  ECF No. 135 at 9.  Lenovo's strategy of non-compliance with the Court's orders can be plainly seen by the timing of when Lenovo filed this motion.  More specifically, rather than comply with the Court's <u>second</u> order for jurisdictional discovery, Lenovo waited the maximum amount of time permitted for a Rule 54(b) motion (28 days) before filing this motion for reconsideration, thus delaying the resolution of this issue by another two to three months. While the content and timing of just this motion perfectly illustrates what could certainly be viewed as a strategy of non-compliance and delay, an objective review of the entire docket in this case establishes compelling evidence of impermissible delay on Lenovo's part.

The Court fully recognizes the duty attorneys have to fulfill to zealously represent their client's interests.  The Court is concerned that in attempting to fulfill that duty that Lenovo's counsel has delayed and resisted in complying with this Court's orders concerning jurisdictional discovery and it has also mischaracterized the Court's orders (as described above) in its efforts to

---

[1] Lenovo has filed three other briefs in support of a separate motion to sever and stay pursuant to the customer-suit exception doctrine (ECF Nos. 82, 90, and 100), which further illustrates their delay tactics.

do so.  This Court will not allow any party to employ tactics that it considers to be dilatory and the Court intends to insure as the case proceeds that all of the Parties in this litigation conduct themselves in a professional and ethical manner.

### IV.     Conclusion

For the reasons described above, the Court **DENIES** Lenovo's motion and **ORDERS** that jurisdictional discovery be completed on or before October 4, 2019.

**SIGNED** this 20th day of September, 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE